**Mary Terese GRACE and Thaddeus Zwicki, Appellants,**

v.

**Warren E. BURGER, Chief Justice of the United States Supreme Court, et al.**

**No. 84–5325.**

United States Court of Appeals, District of Columbia Circuit.

Argued April 11, 1985.

Decided June 7, 1985.

Sebastian K.D. Graber, Alexandria, Va., for appellants.

R. Craig Lawrence, Asst. U.S. Atty., Washington, D.C., with whom Joseph E. diGenova, U.S. Atty., and Royce C. Lamberth, Asst. U.S. Atty., Washington, D.C., were on brief, for appellees.

Before EDWARDS and GINSBURG, Circuit Judges, and MacKINNON, Senior Circuit Judge.

Opinion for the Court filed by Circuit Judge GINSBURG.

GINSBURG, Circuit Judge:

This is an appeal from the district court's denial of a motion for attorney's fees and expenses made under the Equal Access to Justice Act, 28 U.S.C. § 2412(b), (d) (1982). The motion followed pursuit of a first amendment challenge to the enforcement of a federal statute, 40 U.S.C. § 13k, which proscribed expressive displays on Supreme Court grounds. *See United States v. Grace*, 461 U.S. 171, 103 S.Ct. 1702, 75 L.Ed.2d 736 (1983), *aff'g in part and vacating in part Grace v. Burger*, 665 F.2d 1193 (D.C.Cir.1981) (2–1). On the merits of the case, the Supreme Court unanimously held unconstitutional the application of 40 U.S.C. § 13k to bar carrying signs, banners or devices on the public sidewalks surrounding the Court's building. The district court concluded, and the government does not here dispute, that plaintiffs were the prevailing parties, although they sought relief more sweeping than the Supreme Court decreed.[1]

In accord with the district court, we hold that the position of the United States was "substantially justified" within the meaning of 28 U.S.C. § 2412(d),[2] so that no fee may be awarded under that prescription. We further hold, on plaintiffs' alternative pleas left unaddressed by the district court, that 28 U.S.C. § 2412(b)[3] provides no warrant for a fee award in this case.[4]

■ As to plaintiffs' claim of fee entitlement under subsection 2412(d), we do not rule, nor did the district court, that the government is forever and always "substantially justified" in defending in court the constitutionality of an act of Congress, whatever the statute may say, and on any ground a legal mind might conceive.[5] As we have explained, the government bears the burden on the substantial justification plea, *Spencer v. NLRB*, 712 F.2d 539, 557 (D.C.Cir.1983), *cert. denied*, — U.S. —, 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984), and to carry that burden, the government must demonstrate that its litigation position had a solid basis in fact and law. *See Cinciar-*

---

1. Plaintiffs sought relief encompassing "Supreme Court grounds." They did not confine their complaint, in space, to the public sidewalks. Further, they attacked the statute in its entirety although the facts of their case did not implicate the portion relating to assemblages.

2. 28 U.S.C. § 2412(d)(1)(A) authorizes courts to award fees and expenses to a prevailing party in a civil action against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

3. 28 U.S.C. § 2412(b) renders the United States liable for fees and expenses "to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award."

4. The fees and expenses involved in plaintiffs' motion are distinct from the enumerated court costs to which 28 U.S.C. § 2412(a) is addressed; such costs, set out in 28 U.S.C. § 1920, may be, and routinely are, awarded to the prevailing party despite justification for the opposing party's position. Costs under 24 U.S.C. § 2412(a) are not at issue here.

5. We recognize, of course, that the prospect of judicial review of legislation for constitutionality does not relieve Congress of the obligation to self-police its measures for compatibility with the Constitution. Therefore, situations in which the government's defense of the constitutionality of a federal statute fails the "substantially justified" test should be exceptional.

*elli v. Reagan,* 729 F.2d 801, 804 (D.C.Cir. 1984) (burden government bears is "slightly more stringent than one of reasonableness").

In this case, we find, as did the district court, sufficient support in precedent for the government's defense of the statute. It suffices to cite the decisions most closely in point: *Cox v. Louisiana,* 379 U.S. 559, 562, 85 S.Ct. 476, 479, 13 L.Ed.2d 487 (1965) (upholding against constitutional challenge statutory prohibition of picketing intended to influence court or jury); *Jeannette Rankin Brigade v. Chief of Capitol Police,* 342 F.Supp. 575, 583 (D.D.C.) (three-judge court) (Circuit Judge McGowan stated in dictum that, under then existing Supreme Court holdings, courthouse grounds might be heavily immunized against the exercise of first amendment rights), *aff'd mem.,* 409 U.S. 972, 93 S.Ct. 311, 34 L.Ed.2d 236 (1972). In sum, given the shape of precedent at the start of the 1980's we must reject plaintiffs' claim of entitlement to a fee under 28 U.S.C. § 2412(d); the position of the government in court, although ultimately in large measure unsuccessful, was indeed "substantially justified."

■ Turning to 28 U.S.C. § 2412(b), plaintiffs' principal argument on brief runs this way: the subsection makes the United States liable for attorney's fees "to the same extent" that any other party would be liable; a state would be liable for fees under 42 U.S.C. § 1988 (fees in specified civil rights actions) in an analogous case; therefore the federal government is liable for fees in this case. The contention that the United States, through 28 U.S.C. § 2412(b), is rendered liable for fees in actions "analogous to" those listed in 42 U.S.C. § 1988 (*e.g.,* 42 U.S.C. § 1983) was raised, aired, and resolved in *Unification Church v. INS,* 762 F.2d 1077 (D.C.Cir.1985). The panel in *Unification Church* aligned our circuit with other circuits that have decided the question: "All have upheld the government's position that subsection (b) does not authorize fee awards in actions against the federal government

analogous to section 1983 actions. *See Premachandra v. Mitts,* 753 F.2d 635 (8th Cir.1985) (*en banc*); *Lauritzen v. Lehman,* 736 F.2d 550 (9th Cir.1984); *see also Saxner v. Benson,* 727 F.2d 669, 673 (7th Cir.1984) (alternative holding), *cert. granted on another issue,* [—— U.S. ——], 105 S.Ct. 1166 [84 L.Ed.2d 318] (1985)." *Unification Church,* at 1081. Without further words, we adhere to the cogent explanation in *Unification Church* why plaintiffs' "analogous action" argument fails to persuade.

In closing argument, plaintiffs urge the application, under subsection 2412(b), of other common law exceptions to the main "American Rule" that attorney's fees are not recoverable costs. Primarily, plaintiffs suggest an extended application of the "common benefit" theory under which fees are recovered from "other parties enjoying the benefits of [a] legal action." R.REP. No. 1418, 96th Cong., 2d Sess. 8 (1980), U.S.Code Cong. & Admin.News 1980, pp. 4953, 4986. That theory has been applied to impose fees on a corporate or union defendant when the fruits of a named plaintiff's victory, though nonmonetary, were spread evenly among shareholders or union members. *See Hall v. Cole,* 412 U.S. 1, 8–9, 93 S.Ct. 1943, 1948, 36 L.Ed.2d 702 (1973) (union); *Mills v. Electric Auto-Lite Co.,* 396 U.S. 375, 391–97, 90 S.Ct. 616, 625, 628, 24 L.Ed.2d 593 (1970) (corporation). Were we to stretch the theory as plaintiffs suggest, we would detach it from its moorings. We find persuasive the resolution of this issue in *Trujillo v. Heckler,* 587 F.Supp. 928 (D.Colo.1984), and adopt that court's reasoning:

Unlike in *Hall* and *Mills,* the defendant, United States, is more than just a representative of all the beneficiaries of the litigation. An award of attorney fees would ultimately be born[e] by all taxpayers, rather than just those benefiting from the injunctive order. As such, ... the common benefit theory is inapplicable in cases such as this where plaintiffs seek injunctive relief against the government. [Citations omitted.]

... The common benefit theory is designed to avoid unjust enrichment of beneficiaries to a law suit who are not named plaintiffs. An award of fees here would not compel the beneficiaries to compensate the winning litigant who acted as their representative, but would assess costs against the unrelated losing party. This, clearly, is inconsistent with the American rule and the common benefit exception.

*Id.* at 930–31; *cf.* R.REP. NO. 1418, *supra,* at 17 (recognition that common law exceptions to American Rule apply only in "limited situations").

### CONCLUSION

In the best tradition of the bar, plaintiffs' attorney performed diligently for clients without deep pockets; from opening complaint to Supreme Court victory, he litigated an important first amendment case. But the Equal Access to Justice Act is not all-encompassing. The American Rule and the sovereign's immunity, which Congress has not displaced for this case, preclude monetary compensation payable by the United States. The order denying the motion for fees and expenses is therefore

*Affirmed.*