Germano OLIVEIRA, Plaintiff,

v.

Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.

No. C–85–20352–RPA.

United States District Court, N.D. California.

Dec. 15, 1986.

---

A. Keith Lesar, Aptos, Cal., for plaintiff.

Joseph P. Russoniello, U.S. Atty., Jeffrey L. Bornstein, Asst. U.S. Atty., San Francisco, Cal., for defendant.

## ORDER DENYING PETITION FOR ATTORNEY FEES

AGUILAR, District Judge.

Plaintiff Germano Oliveira brought this action for judicial review of a final decision of the Secretary of Health and Human Services denying him disability insurance benefits. On September 4, 1986, the Court reversed the Secretary's decision because it was not supported by substantial evidence in the record as a whole. Counsel for plaintiff now petitions the Court to award attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

The EAJA provides for awards of attorney's fees and expenses to parties prevailing against the United States "unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A).

The first issue presented concerns the proper standard used to determine substantial justification. Under Ninth Circuit precedent, the standard is one of reasonableness. *Wolverton v. Heckler*, 726 F.2d 580, 583 (9th Cir.1984); *Hoang Ha v. Schweiker*, 707 F.2d 1104, 1106 (9th Cir. 1983); *Foster v. Tourtellotte*, 704 F.2d 1109, 1112 (9th Cir.1983). "To establish substantial justification the Secretary 'must show its case had a reasonable basis both in law and in fact.'" *Wolverton*, 726 F.2d at 583; *quoting Hoang Ha*, 707 F.2d at 1106. However, a recent case questions whether the 1985 Amendments to the EAJA nullify this standard. *Derby v. Bowen*, 636 F.Supp. 803, 807 (E.D.Wash.1986).

In *Derby*, the court concluded that Congress intended to displace the judicial construction of the term "substantial justification" as defined in every circuit except for the United States Court of Appeals for the District of Columbia (D.C.Circuit). *Id.* This Court agrees with the conclusion reached in *Derby*. The legislative history does cast doubt on previously unquestioned circuit precedent:

> Part of the problem in implementing the Act has been that agencies and courts are misconstruing the Act.... Another problem which has developed in the implementation of the Act has been the fact that courts have been divided on the meaning of "substantial justification." Several courts have held correctly that "substantial justification" means more than merely reasonable. Because in 1980 Congress rejected a standard of "reasonably justified," the test must be more than mere reasonableness.

> Especially puzzling, however, have been statements by some courts that an administrative decision may be substantially justified under the Act even if it must be reversed because it was ... not supported by substantial evidence. Agency action found to be ... unsupported by substantial evidence is virtually certain not to have been substantially justified under the Act. Only the most extraordinary special circumstances could permit such an action to be found to be substantially justified under the Act.

H.R.Rep. No. 99–120, 98th Cong., 1st Sess., Part I at 9–10 (footnotes omitted), *reprinted in,* 1985 U.S.Code Cong. & Ad.News 132, 137–138.

Despite the lack of Ninth Circuit precedent discussing the 1985 Amendments to the EAJA, this Court cannot ignore the unambiguous language of the Act's legislative history which shows that Congress intended substantial justification to mean more than merely reasonable. The House Report to the 1985 Amendments was prepared with the announced intention of "informing judicial construction of pre–1985 provisions." H.R.Rep. No. 99–120, 98th Cong., 1st Sess., Part I at 21, *reprinted in,* 1985 U.S.Code Cong. & Ad.News at 149. It expressly approves of the standard used by the D.C. Circuit requiring a showing of more than mere reasonableness. *Id., citing Spencer v. N.L.R.B.,* 712 F.2d 539, 557 (D.C.Cir.1983). The House Report makes clear that it considers the standard adopted by the D.C. Circuit to be the correct interpretation of substantial justification. Congress was aware of the inter-circuit split that arose from the 1980 House Report and used the 1985 House Report to correct what it perceived to be a misreading of the statute.

The legislative history makes clear that the statute requires the government to meet a test slightly more stringent than one of reasonableness. Although the Ninth Circuit has not addressed the issue, *see Minor v. United States,* 797 F.2d 738, 739 (9th Cir.1986) (basing standard on the 1980 House Report), several other circuits have reviewed the 1985 amendments and have decided that Congress intended that the test must be more than mere reasonableness. *Lee v. Johnson,* 799 F.2d 31, 38 n. 6 (3d Cir.1986); *United States v. 1,378.-65 Acres of Land,* 794 F.2d 1313, 1318 (8th Cir.1986); *Haitian Refugee Center v. Meese,* 791 F.2d 1489, 1491 (11th Cir.1985); *Gavette v. Office of Personnel Management,* 785 F.2d 1568, 1579 (Fed.Cir.1986); *see also McDonald v. Schweiker,* 726 F.2d 311, 316 (7th Cir.1983); *Spencer,* 712 F.2d at 557 (adopted standard on the basis of 1980 legislative history). *But see Russell v. National Mediation Board,* 775 F.2d 1284, 1289 (5th Cir.1985) (finding 1985 legislative history irreconcilable and retaining reasonableness standard).

■ Based on the clear exposition of intent in the 1985 Amendments to the EAJA and guided by decisions by appellate courts in other circuits, this Court holds that the proper standard for review of fees under the EAJA is expressed in the 1985 amendments to the EAJA. Accordingly, the Court finds that the proper statutory interpretation of substantial justification means that the Court applies a more than mere reasonableness standard.

The petitioner contends that the Secretary's position was not substantially justified since the Court determined that there was not substantial evidence to support the Secretary's position. The government contends that their position was substantially justified because there is at least some evidence on the record which supports their position. "When the ALJ is reversed for a failure to weigh conflicting medical evidence properly, an award of fees is inappropriate." *Albrecht v. Heckler,* 765 F.2d 914, 915 (9th Cir.1985); *cf. Wolverton,* 726 F.2d at 583.

The *Albrecht* rationale, however, is in conflict with the 1985 amendments. The House Report states that agency action found to be "unsupported by substantial evidence is virtually certain not to have been substantially justified under the Act." H.R.Rep. No. 99–120, 98th Cong., 1st Sess., Part I at 10, *reprinted in,* 1985 U.S.Code Cong. & Ad.News at 138. This language would make fee shifting virtually automatice whenever the secretary loses. At least this is the conclusion the court reached in *Derby.* 636 F.Supp. at 807. This Court agrees with the conclusion of the court in *Derby* that the proper standard is more than mere reasonableness. However, the Court does not feel that it necessarily follows that cases not supported by substantial evidence are virtually always not substantially justified.

The legislative history itself presents a conflicting picture of legislative intent. The statements in the House Report indi-

cating that government action must be more than merely reasonable to be substantially justified passed through Congress unchallenged. However, several representatives expressly repudiated the language in the report which states that an agency action not supported by substantial evidence entitles the prevailing party to fees and costs. Senator Thurmond said that a government position could be substantially justified even if a court found it to be arbitrary and capricious. 131 Cong. Rec. S9992–93 (daily ed. July 24, 1985). A co-sponsor of the bill, Representative Kastenmeier, stated: "I do not understand the committee report to suggest that an agency action that was not supported by substantial evidence would automatically entitle the prevailing party to fees and expenses or would establish a legal presumption of entitlement to fees." 131 Cong.Rec. H4763 (daily ed. June 24 1985). Representative Kindness even described the passage as a "gratuitously authoritarian overstatement." *Id.*

Congress explicitly adopted the slightly more stringent language to ensure that "only sound, well-prepared cases be initiated" by the government. S.Rep. 586, 98th Cong., 2d Sess. 11–12 (1985). Congress "expects that the determination of what is 'substantially justified' will be decided on a case-by-case basis due to the wide variety of factual contexts and legal issues which make up government disputes." H.R.Rep. No. 99–120, 98th Cong., 1st Sess., Part I at 10, *reprinted in* 1985 U.S.Code Cong. & Ad.News at 138. Holding as a matter of law that cases not supported by substantial evidence are not substantially justified would not further Congress' intent. If anything, such a rule would have the effect of deterring the Government from defensible positions simply because there is the possibility of being reversed. In addition, such a rule would prevent the courts from considering the wide variety of factual contexts and legal issues involved in government disputes. Surely, Congress did not intend such a result.

Congress' true intent is illustrated by its reference to a working model of the slightly more stringent than reasonable standard. *See Spencer*, 712 F.2d at 552. When it drafted the 1985 amendments to the EAJA, Congress was aware of and expressly approved of the case law developed under this standard. H.R.Rep. No. 99–120, 98th Cong., 1st Sess., Part I at 10, *reprinted in*, 1985 U.S.Code Cong. & Ad. News at 138. Therefore, the Court will interpret the EAJA in a manner consistent with this case law.

This Court has reviewed the case law applying the more than mere reasonable standard and finds that the Government must demonstrate that its position had a "solid basis in fact and in law." *Grace v. Burger*, 763 F.2d 457, 458 (D.C.Cir.1985); *Cinciarelli v. Reagan*, 729 F.2d 801, 804 (D.C.Cir.1984); *Spencer*, 712 F.2d at 552. The courts that apply the more than merely reasonable standard have never found that an award of fees was virtually automatic where the Government's position was not supported by substantial evidence. The Government's position must be clearly reasonable and solid, though not necessarily correct. *McDonald v. Schweiker*, 726 F.2d at 316; *see Spencer*, 712 F.2d at 551 n. 44. The court now applies this standard to the facts of this case.

The doctors who examined Mr. Oliveira agreed that his lower back problems precluded him from heavy lifting and continuous stooping and bending. The ALJ made the same finding, but concluded that this impairment did not prevent him from performing his past relevant work. The ALJ relied on the medical reports of the plaintiff's own treating physician and the medical report of an orthopedic surgeon which indicated that Oliveira could perform certain types of light work. On the basis of these records, the ALJ concluded that some of the plaintiff's past relevant work activities were still within his residual functional capacity. This was the same position the government took at the court proceeding.

This Court reversed the administrative decision because the ALJ's finding that the plaintiff's past relevant work included light types of work was not supported by substantial evidence. The record, however, does indicate some disagreement between

medical experts over the plaintiff's residual functional capacity.

■ The fact that the medical evidence suggests that the plaintiff has the capability to perform light work does state a solid basis in law and in fact. The Court notes that the government's position in this case is considerably stronger than its position was in *Albrecht.* In *Albrecht,* the ALJ rejected the opinions of four treating physicians, three of whom considered the claimant disabled. Instead, the ALJ decided to follow the opinions of two non-treating physicians who only reviewed the medical record to determine that the claimant had the residual functional capacity to do light work. In this case, the government relied on the opinions of treating and examining physicians. The medical evidence provided in this case presents a solid basis for the government position. The government presented a case based on more than merely "some evidence" as was the case in *Albrecht.* Accordingly, the Court finds that the position of the United States in this case was substantially justified.

■ The petitioner also makes a claim for fees under § 2412(b), which permits an award of fees against the government "to the same extent that any other party would be liable under the common law. This provision incorporates the "American rule" for fee-shifting. The American rule permits fee awards when the losing party has acted in "bad faith, vexatiously, wantonly, or for oppressive reasons." *F.D. Rich Co. v. Industrial Lumber Co.,* 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974). Given that the Court has found that the government demonstrated substantial justification for its position, the Court also must find that the petitioner has failed to demonstrate bad faith. *Foster,* 704 F.2d at 1111.

Good cause appearing therefor, the Court DENIES the petitioner's motion for attorney's fees.

IT IS SO ORDERED.