**Niels OSTER, M.D., Plaintiff,**

v.

**Otis R. BOWEN, M.D., et al.,
Defendants.**

**Civ. A. No. 86–0344–R.**

United States District Court,
E.D. Virginia,
Richmond Division.

Jan. 13, 1988.

Robert T. Adams, Julia Krebs–Markrich, McGuire, Woods & Battle, Richmond, Va., Kathleen T. Sooy, for plaintiff.

Steven D. Gravely, Frederick W. Beck, III, Seawell, Dalton, Hughes & Timms, Richmond, Va., Benjamin W. Heineman, Jr., Carter G. Phillips, Mark D. Hopson, Elizabeth H. Esty, Sidley & Austin, Washington, D.C., Kirk B. Johnson,˙ American Medical Ass'n., Chicago, Ill., for intervenor American Medical Ass'n.

Robert W. Jaspen, Asst. U.S. Atty., Richmond, Va., and Nancy Miller, for Bowen and Kusserow.

Joseph M. Spivey, Douglas S. Granger, Jessica S. Jones, Hunton & Williams, Richmond, Va., for Medical Soc. of Virginia Review Organization.

## MEMORANDUM

MERHIGE, District Judge.

This matter comes before the Court on Plaintiff Niels Oster's motion for an award of attorneys' fees and costs. Plaintiff's motion is premised on two provisions of the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(b) and 28 U.S.C. § 2412(d)(1)(A), and the common law doctrines of common benefit and bad faith. The issues have been briefed and argued, and the matter is now ripe for disposition.

## BACKGROUND

Plaintiff filed this motion on June 4, 1986, against the Secretary and the Inspector General of the United States Department of Health and Human Services (collectively the "federal defendants"), and the Medical Society of Virginia Review Organization ("MSVRO"), seeking declaratory and injunctive relief concerning the use of peer review organizations to sanction physicians participating in the Medicare Program. Plaintiff claimed that the particular procedures utilized by the MSVRO in reviewing the plaintiff's professional activities under the Medicare program violated the plaintiff's rights of due process and equal protection under the United States Constitution and the Federal Administrative Procedure Act. MSVRO is a peer review organization ("PRO") acting under contract with the defendant Secretary of Health and Human Services. MSVRO is obligated by the contract to abide by program directives issued by the Secretary and the defendant Inspector General of Health and Human Services.

Plaintiff is a physician licensed and practicing medicine in Virginia. In August of 1985, MSVRO notified plaintiff that it had identified one of his cases, after applying a set of standardized screening criteria, as warranting additional review. On March 21, 1986, after discussing the case with plaintiff, MSVRO advised him that it would review retrospectively at least 15–20 cases of his, due to its concerns with respect to his treatment decisions in the first case investigated.

On May 2, 1986, the MSVRO informed plaintiff by letter that it had determined that he had in six cases grossly and flagrantly violated his obligation to provide services of a quality meeting professionally recognized standards of health care. The letter strongly recommended that plaintiff appear at a meeting with the MSVRO Quality Assurance Committee ("QAC") on June 4, 1986. The MSVRO denied plaintiff's request for a continuance of that proceeding.

Plaintiff was informed that his counsel would be permitted to attend but not speak at the June 4 proceeding. Plaintiff's request to have expert witnesses testify in his behalf was denied. The scheduled proceeding was postponed when plaintiff filed this action on June 4, 1986 and this Court entered a temporary restraining order. The parties subsequently agreed to certain procedural changes for the postponed hearing, which included permission for plaintiff's counsel to make statements, and allowance of expert testimony on plaintiff's behalf.

The federal defendants promulgated Transmittal No. 15 to the Peer Review Organization Manual, effective May 13, 1987. Transmittal 15 effected changes in the PRO sanction process, certain of which concerned procedures that were the subject of the instant action. The case had come on for trial on the merits on April 21, 1987, and had been continued generally following opening statements and presentation of evidence by the plaintiff. Following the promulgation of Transmittal 15, plaintiff filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2). The Court dismissed this action without prejudice on October 20, 1987.

## DISCUSSION

In his motion for attorney's fees and costs, the plaintiff seeks an award under both the EAJA and common law doctrines. The federal defendants contend that plaintiff's motion should be denied because the Court is without jurisdiction over the matter, the plaintiff is not a prevailing party against the United States under the EAJA, the position of the United States was substantially justified, the plaintiff may not recover under the common benefit rule, and the federal defendants did not act in bad faith. Defendant MSVRO argues that it is not a federal agency under the EAJA, the Court is without jurisdiction over this matter, the plaintiff did not prevail in the litigation, the position of MSVRO was substantially justified, and common law theories of attorney fee liability are inapplicable.

### I. *Equal Access to Justice Act*

■ The plaintiff has moved for an award of attorneys' fees and costs under the EAJA, 28 U.S.C. § 2412. The EAJA provides that the Court may assess liability for fees against the United States under Section 2412(b) "to the same extent that any other party would be liable under the common law." In addition, Section 2412(d)(1)(A) provides that in certain circumstances a court "shall" award attorneys' fees against the United States "to a prevailing party ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." Under both of these subsections of the EAJA, the litigation for which a fee award is sought must have been commenced in a court having jurisdiction over the action, the party receiving the award must have prevailed in the litigation, and the party against which the award is assessed must be the United States or an agency or official thereof.

### A. *Federal Defendants*

■ The federal defendants argue that an award under § 2412(d)(1)(A) is improper for a number of reasons. It is unnecessary to address each of these issues, however, because the Court finds the position of the federal defendants in this action to have been substantially justified.

The position of the federal defendants in this litigation has been that this Court lacks jurisdiction over the action, and that the procedures utilized by the MSVRO to determine whether plaintiff had met his obligations under the Medicare program

were not deficient. The reasonableness of the federal defendants' position has been clearly demonstrated by the Fourth Circuit's recent decision in *Varandani v. Bowen*, 824 F.2d 307 (4th Cir.1987).[1]

With a remarkably similar fact pattern, the *Varandani* opinion indicated that a colorable procedural due process claim sufficient to establish jurisdiction prior to exhaustion of administrative remedies was not made out where the physician received notice of the impending suspension, had an opportunity to respond in writing, and had an opportunity to respond in person at an informal hearing. 824 F.2d at 310. Furthermore, the Court ruled against Dr. Varandani, whose attorney was permitted to appear but not speak at the informal hearing, on the merits of his due process claim. *Id.* at 311. The Court held that a doctor is entitled to neither an evidentiary hearing nor a full adversary proceeding before being suspended from participation in Medicare. *Id.* at 310–11.

Although the *Varandani* decision does not directly address each of the specific procedural deficiencies alleged by the plaintiff, the Fourth Circuit's ruling clearly demonstrates that the federal defendants had a reasonable basis for their legal theories, *see Washington v. Heckler*, 756 F.2d 959, 961–62 (3d Cir.1985), and that their position was substantially justified under the EAJA.

An award of fees against the federal defendants, in light of the facts in this case, would also be improper under 28 U.S.C. § 2412(b). Section 2412(b) allows for a fee assessment against the United States "to the same extent any other party would be liable under the common law." Plaintiff seeks to recover by the common benefit and bad faith exceptions to the general "American Rule" against the award of costs and fees. *See Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).

The nature of the common benefit exception makes it generally unsuitable as a means to award fees against the United States. This Court finds the reasoning of the D.C. Circuit in *Grace v. Burger*, 763 F.2d 457 (D.C.Cir.1985) to be persuasive. *See also, Trujillo v. Heckler*, 587 F.Supp. 928 (D.Colo.1984). Judge Ginsburg, in *Burger* at 459, noted that the common benefit theory has been used to impose fees on a corporate or union defendant when the benefits of a named plaintiff's victory were spread among shareholders or union members. In contrast, an award of fees in this case would not compel beneficiaries to compensate a winning litigant who acted as their representative, but rather would assess costs against a party unrelated to any potential beneficiary. *Id.* at 460. The common benefit exception is therefore not applicable to this situation.

An award of fees under the bad faith exception to the American rule would, in the instant case, be inappropriate because of the absence of demonstrable bad faith on the part of the federal government.

## B. MSVRO

The EAJA plainly states that it applies only to the United States, a federal agency, or a federal official acting in his or her official capacity. The act does not provide for an award against a private entity that contracts with the government pursuant to a federal program.

Cases involving the Federal Tort Claims Act and the Freedom of Information Act have discussed the characteristics of a "federal agency." In *United States v. Orleans*, 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976), the Supreme Court held that a community action agency funded under the Economic Opportunity Act was not a federal agency under the FTCA. The Court, in reaching its decision, noted that "a critical element in distinguishing an agency from a contractor is the power of the federal government 'to control the de-

---

1. Furthermore, precedent existed prior to *Varandani* which provided support for the federal defendants' positions on both the jurisdiction issue, *e.g., Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975); *Northlake*

*Community Hospital v. United States*, 654 F.2d 1234 (7th Cir.1981), and on the merits, *e.g., Ritter v. Cohen*, 797 F.2d 119 (3d Cir.1986); *Koerpel v. Heckler*, 797 F.2d 858 (10th Cir.1986); *Northlake Community Hospital, supra.*

tailed physical performance of the contractor'." 425 U.S. at 814, 96 S.Ct. at 1976 (quoting *Logue v. United States,* 412 U.S. 521, 528, 93 S.Ct. 2215, 37 L.Ed.2d 121 (1973)). MSVRO is an independent legal entity which contracts with the federal government and whose day-to-day operations are supervised by private employees paid by MSVRO.

In *Public Citizen Health Research Group v. Department of Health, Education and Welfare,* 668 F.2d 537 (D.C.Cir. 1981), the court determined that a professional standards review organization, the predecessor to PROs under 42 U.S.C. § 1320 *et seq.,* was not a federal agency under the FOIA. The court noted it was the "fixed purpose of Congress that PSROs should be independent medical organizations operated by practicing physicians in the private sector, and not government agencies run by government employees." 688 F.2d at 543.

■ MSVRO is simply not a part of the federal government in the form of an agency. It is rather a private corporation without the enormous litigation resouces available to the United States. *See Environmental Defense Fund, Inc. v. Watt,* 722 F.2d 1081, 1086 (2d Cir.1983). Therefore, fees may not be awarded against MSVRO under the EAJA.

## II. *Common Law Doctrines*

■ The plaintiff has also moved for an award of attorneys fees and costs against MSVRO under the common law doctrines of common benefit and bad faith. As discussed earlier, under the traditional "American Rule," a litigant is not entitled to reimbursement for attorneys fees and costs absent one of the specific exceptions to the rule.

*Mills v. Electric Auto–Lite Co.,* 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970) provides a thorough description of the common benefit exception to the American Rule. Under *Mills,* a successful litigant may recover attorneys' fees where

the litigation has conferred a substantial benefit on the members of an ascertainable class, and where the court's jurisdiction over the subject matter of the suit

makes possible an award that will operate to spread the costs proportionately among them.

396 U.S. at 393–94, 90 S.Ct. at 626. In *Virginia Hospital Association v. Kenley,* 74 F.R.D. 417, 419–20 (E.D.Va.1977), this Court identified the three distinct requirements imposed by *Mills* on claims under the common benefit rule: (1) a substantial fund or benefit must have been produced by the efforts of the plaintiff; (2) the benefit must have been conferred on an ascertainable class; and (3) a fee award would allow the Court to spread the costs of procuring the benefit among the class.

■ Even if the Court could find that a substantial benefit has been conferred on the physician-members of the MSVRO, as plaintiff contends, a fee award against MSVRO would not serve to spread the costs among these putative beneficiaries. Where the common benefit rule is invoked against a stock corporation or a union, the beneficiaries may incur their share of the costs by such means as reduced dividends or higher union dues. MSVRO, however, is a non-stock corporation. Plaintiff has demonstrated no financial relationship whatsoever between MSVRO and the physicians who may benefit from the new procedures. Having failed to establish a relationship by which an award would spread the costs of achieving any substantial benefit to the class of beneficiaries, plaintiff may not recover fees under the common benefit doctrine.

Finally, the Court may not award plaintiff fees against MSVRO under the bad faith exception to the American Rule because the plaintiff has not demonstrated bad faith on the part of MSVRO.

## CONCLUSION

For the foregoing reasons, the Court will not award attorneys' fees and costs against the federal defendants or MSVRO under the EAJA or common law doctrines.

An appropriate Order shall issue.