**Marcel E. DESROUCHERS, Plaintiff,**

v.

**Margaret HECKLER, Secretary, Department of Health and Human Services, Defendant.**

**No. CV–R–84–151–ECR.**

United States District Court, D. Nevada.

Oct. 26, 1988.

Frazier, Dame & Doherty, a Professional Corporation, Oxnard, Cal., and Frederick Leeds, Reno, Nev., and Edmund Parent, Santa Barbara, Cal., for plaintiff.

Shirley Smith, Asst. U.S. Atty., Reno, Nev., for defendant.

ORDER

EDWARD C. REED, Jr., Chief Judge.

The matter before the Court is plaintiff's motion for costs and attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). The litigation underlying this motion involved plaintiff's application for Social Security disability benefits. Plaintiff sought these benefits on the ground that his back injuries, which had necessitated two surgical operations, and the chronic pain accompanying these injuries left him unable to work.

On April 19, 1983, an administrative law judge for the Social Security Administration ("SSA") determined that plaintiff's injuries constituted a "severe impairment" under the existing regulations and granted him disability benefits. The SSA's Appeals Council reversed this decision on February 24, 1984. The Appeals Council ruled that the administrative law judge had erred in concluding that the plaintiff was unable to perform gainful employment. Although conceding that the plaintiff had suffered serious injuries which prevented him from repeated lifting or excessive bending, the Appeals Council concluded that the plaintiff had the "residual functional capacity" for "light work" or "sedentary work" as

defined in 20 C.F.R. § 404.1567. Decision of Appeals Council of February 25, 1984, at 13 (hereinafter "AC").

While the factual basis for the Appeals Council's decision is somewhat unclear, it appears to have relied primarily on the reports of two doctors who had treated the plaintiff. The first physician, an orthopedic specialist, reported that although plaintiff could not stand for longer than thirty minutes at a time, "he can do any job sitting down that would require fine manipulation with his hands." AC 135. The second treating physician, a neurological consultant, concluded that plaintiff's injuries and pain "may stabilize and allow him to perform some gainful employment at a later date of a sedentary nature." AC 139. In addition, two "reviewing physicians" employed by the SSA reported that the claimant was not disabled because he was able to perform "unskilled light level work," such as operating a coding machine. AC 53–54, 64. These reviewing physicians apparently reached their conclusions by analyzing plaintiff's medical history and not by actually examining the plaintiff. Finally, the Appeals Council stated that the administrative law judge had placed undue weight on plaintiff's subjective description of his chronic pain and his employment-related limitations. AC 11. The Appeals Council ruled that the medical evidence did not support these subjective complaints of pain and that plaintiff's "nonexertional limitation [pain] does not significantly affect his residual functional capacity for light work." AC 13.

Plaintiff sought review of the adverse decision in this Court. The case was assigned to the United States Magistrate, who recommended that the matter be remanded to the Secretary of the Department of Health and Human Services (the "Secretary") for further review and the consideration of new medical evidence. The Magistrate reported that the record of the Appeals Council failed to disclose "substantial evidence" for its conclusions. The Magistrate found no substantial evidence that the plaintiff could perform "light work" because plaintiff's constant pain seemed to place severe limitations on his capacity to walk and stand. See Magistrate's Report and Recommendation of February 7, 1985, 19–24. This Court adopted the Magistrate's recommendation and remanded the case to the Secretary. Order of March 11, 1985. This remand ordered the Secretary to consider new medical evidence, including the report of another physician who examined the plaintiff and stated that plaintiff's "weight bearing activities completely remove him from the market place."

Upon remand, an administrative law judge concluded that the plaintiff was entitled to disability benefits and the Appeals Council affirmed this decision. See Decision of Appeals Council of March 5, 1986. Plaintiff and his dependents were granted over $38,000 in past-due benefits and continuing benefits of over $500 per month. Pursuant to the attorney's fees provisions of the Social Security Act, 42 U.S.C. § 406(b), plaintiff's attorney received $9,500 from plaintiff's past-due benefits award as compensation for his services. Minute Order of February 11, 1987. This $9,500 represented the maximum fee allowable under 42 U.S.C. § 406(b), which prohibits attorney's fees from exceeding 25% of the claimant's past-due benefits award. See 42 U.S.C. § 406(b)(2).

Plaintiff now petitions this Court to recover over $3,000 of his attorney's fees from the government under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Unlike attorney's fees under 42 U.S.C. § 406(b), which are deducted from the disability claimant's past-due benefits award, attorney's fees awarded under the EAJA are assessed against the government. Consequently, where an attorney has already received the maximum fee permitted under 42 U.S.C. § 406(b), any additional fees collected pursuant to the EAJA are used to reimburse the client for the deduction in his past-due benefits award. See Watford v. Heckler, 765 F.2d 1562, 1566 and n. 5 (11th Cir.1985); Meyers v. Heckler, 625 F.Supp. 228, 231, 237 (S.D. Ohio 1985); cf. Wolverton v. Heckler, 726 F.2d 580, 582 (9th Cir.1984). Since plaintiff's attorney in the instant case has already received the entire fee allowed by 42 U.S.C. § 406(b), any fees collected in this action would be granted directly to the plaintiff himself.

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ..., including proceedings for judicial review of agency action, brought by or against the United States ... unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The plaintiff prevailed on the substantive merits of this matter when the Appeals Council determined upon remand that he was entitled to disability benefits. Indeed, the Secretary concedes that the plaintiff is a "prevailing party" for purposes of seeking attorney's fees and costs under the EAJA. *See Cook v. Heckler*, 751 F.2d 240, 241 (8th Cir.1984) ("It is the receipt of those benefits that renders a typical Social Security claimant a prevailing party."); *McGill v. Secretary of Health and Human Servs.*, 712 F.2d 28, 32 (2d Cir.1983) (party obtaining remand "will not become a prevailing party unless and until she is awarded benefits"), *cert. denied*, 465 U.S. 1068, 104 S.Ct. 1420, 79 L.Ed.2d 745 (1984); *Hutchinson v. Heckler*, 612 F.Supp. 264, 269 (E.D.Wis.1985) (after remand, "Secretary's decision ... that the claimant [is] entitled to disability insurance benefits under the Social Security Act [makes] clear the plaintiff in this action is the 'prevailing party.'").

The issue, therefore, is whether the Secretary's position in this matter was "substantially justified." The Supreme Court recently settled a dispute among the Circuit Courts of Appeals regarding the meaning of the "substantially justified" standard. The Court held that to satisfy this standard, the government must show that its position in the underlying litigation had a "reasonable basis both in law and fact." *Pierce v. Underwood*, —— U.S. ——, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). The Court also stated that its "reasonable basis" test was "no different" from the reasonable basis test that the Ninth Circuit has applied for the past several years. *Id.*

In analyzing the Secretary's position in this matter, we must examine both the initial decision of the Appeals Council in denying plaintiff's disability claim and the

Secretary's subsequent opposition to plaintiff's motion for remand in this Court. *Barry v. Bowen*, 825 F.2d 1324, 1331 (9th Cir.1987) ("we look not only to the underlying governmental action being defended in the litigation, but also to the positions taken by the government in the litigation itself."); *Fincke v. Heckler*, 596 F.Supp. 125, 128 (D.Nev.1984) ("both the underlying agency conduct before suit was commenced and the Government's position during the course of the litigation must be evaluated in determining whether the Government's position was substantially justified."). However, this Court's previous determination that the initial decision of the Appeals Council was not based on substantial evidence does not necessarily mean that the government's position was without "substantial justification." The reasonable basis test for substantial justification is a lesser standard than the test for substantial evidence. *See Jackson v. Bowen*, 807 F.2d 127, 128–29 (8th Cir.1986); *Herron v. Bowen*, 788 F.2d 1127, 1130 (5th Cir.1986); *Oliveira v. Bowen*, 664 F.Supp. 1320, 1322–23 (N.D.Cal.1986).

In adjudicating attorney's fees under the EAJA, the Ninth Circuit has held that the government is "substantially justified" in relying on the opinion of medical experts. The Circuit has refused to award EAJA attorney fees, therefore, where the Secretary's decision has been reversed for the improper weighing of conflicting medical testimony. For example, in *Albrecht v. Heckler*, 765 F.2d 914 (9th Cir.1985), an administrative law judge for the SSA had been confronted with the opinions of six different physicians. Of the four doctors who had personally examined and treated the disability claimant, three concluded that the claimant was completely disabled and the fourth offered no conclusions about disability. In contrast, two physicians who had not treated the claimant, but who had reviewed her medical records, concluded that she had the "residual functional capacity for sedentary work." *Id.* at 915. The SSA's administrative law judge followed the opinions of the nontreating physicians and denied the plaintiff's disability claim.

The district court reversed this decision because the administrative law judge failed to state clear and convincing reasons for weighing the nontreating physicians' opinions more heavily than those of the treating physicians. Nevertheless, the district court denied plaintiff's motion for EAJA attorney's fees and the Ninth Circuit affirmed this denial. The Circuit held that where a reversal occurs "for a failure to weigh conflicting medical evidence properly, an award of fees is inappropriate." *Id.* at 916.

Although some district courts have suggested that *Albrecht* is no longer valid precedent in this Circuit, the Supreme Court's recent affirmance of the "reasonable basis" test applied in *Albrecht* strongly indicates the continued vitality of the *Albrecht* holding. *See Pierce,* 108 S.Ct. at 2550; *compare Rodriguez v. Bowen,* 678 F.Supp. 1456 (E.D.Cal.1988) (finding *Albrecht* not to be good law on the basis that the 1985 congressional amendments to the EAJA raised the "substantial justification" standard above mere reasonableness) *and Derby v. Bowen,* 636 F.Supp. 803 (E.D. Wash.1986) (same) *with Martin v. Bowen,* 670 F.Supp. 295 (E.D.Cal.1987) (finding that *Albrecht* remains binding precedent on the ground that Congress did not intend to change the generally accepted judicial definition of "substantially justified" through its 1985 amendments to EAJA) *and Oliveira v. Bowen,* 664 F.Supp. 1320, 1323–24 (N.D.Cal.1986) (applying *Albrecht* to deny attorney's fees under EAJA where the administrative record indicated "some disagreement between medical experts over the plaintiff's residual functional capacity.") In light of the Supreme Court's decision in *Pierce,* therefore, this Court finds that *Albrecht* is still binding precedent in the Ninth Circuit.

This Court also-finds that the holding in *Albrecht* is directly applicable to the case at bar.

The Secretary argued before this Court that the Appeals Council's initial denial of benefits to plaintiff was substantially justified by the medical evidence. The neurological consultant who examined plaintiff did report that plaintiff might be able "to perform some gainful employment at a later date," indicating that he was currently disabled. The orthopedic specialist who examined plaintiff, however, concluded that plaintiff "can do any job sitting down that requires fine manipulation with his hands." While the administrative law judge did not accept the orthopedist's conclusion because of plaintiff's testimony regarding his constant pain, the Appeals Council nevertheless acted reasonably in relying on the orthopedist's report. The Appeals Council could reasonably expect that the orthopedist would have taken into account plaintiff's pain in reaching his written conclusions. Thus, the orthopedist's report served as a reasonable basis in fact for concluding that the plaintiff could perform certain types of seated work. Under this factual framework, the Appeals Council had a reasonable basis in law for concluding that plaintiff was not disabled. The federal regulations governing disability claimants provide that an individual of plaintiff's age, education, and work experience is not disabled if he can perform sedentary work. *See* 20 C.F.R. § 404.1567(a); 20 C.F.R. pt. 404, subpt. P, App. 2, Rule 201.28. Moreover, both of the nontreating physicians reported to the Appeals Council that plaintiff was not legally entitled to disability benefits because he could perform a variety of jobs existing in the national economy.

Hence, plaintiff in the instant case has even a weaker claim for EAJA attorney's fees than did the plaintiff in *Albrecht.* In *Albrecht,* the administrative law judge rejected the opinion of all of the treating physicians and followed the opinion of the two nontreating physicians. *Albrecht,* 765 F.2d at 915. In the instant case though, in addition to the opinions of two nontreating physicians, the Appeals Council relied on the conclusions of the orthopedist who had thoroughly examined the plaintiff. *See Oliveira,* 664 F.Supp. at 1324 (declining to award attorney's fees under EAJA where government relied on opinion of treating physician). Furthermore, unlike *Albrecht,* plaintiff's appeal to the district court in the instant case did not result in an outright

order to grant plaintiff's claim for disability benefits. The plaintiff in the present case was not granted disability benefits until the Secretary reviewed the report of another physician who had more recently examined the plaintiff and concluded that he was "totally and permanently disabled." The fact that this unwavering diagnosis was not presented to the Secretary until after this Court's remand supports the government's position that the Appeals Council's initial decision was based on conflicting medical evidence. *Cf. Rosado v. Bowen,* 823 F.2d 40, 43 (2d Cir.1987) (finding that plaintiff was not entitled to EAJA attorney's fees where definite medical evidence documenting plaintiff's disability was not introduced until after remand).

Thus, due to the "conflicting medical evidence" doctrine of *Albrecht,* plaintiff in the instant case is not entitled to attorney's fees pursuant to 28 U.S.C. § 2412(d). Consequently, this Court need not determine the appropriate hourly fee under EAJA for the services provided by the plaintiff's attorney in this litigation.

IT IS, THEREFORE, HEREBY ORDERED that Plaintiff's Motion for Attorney's Fees Under EAJA (docket # 23) is *DENIED.* The Clerk shall enter judgment accordingly.