**Christy BRZONKALA, Plaintiff,**

v.

**VIRGINIA POLYTECHNIC INSTITUTE & STATE UNIVERSITY, et al., Defendants.**

No. 7:95CV01358.

United States District Court,
W.D. Virginia,
Roanoke Division.

Oct. 2, 2000.

Eileen Marie Nause Wagner, Richmond, VA, Barbara Burr, Washington, DC, for Christy Brzonkala.

Julie C. Dudley, U.S. Attorney's Office, Roanoke, VA, Robert P. Crouch, Jr., U.S. Atty., Roanoke, VA, Frank W. Hunger, U.S. Dept. of Justice, Civ. Div., Washington, DC, John R. Tyler, Dennis G. Linder, Dept. of Justice, Civ. Div., Washington, DC, for U.S.

William Eugene Thro, Office of Atty. Gen., Richmond, VA, William Henry Hurd, Office of Atty. Gen., Richmond, VA, Jerry Dean Cain, V.P.I, & State University, Office of General Counsel, Blacksburg, VA, for Virginia Polytechnic and State University.

Monica Leigh Taylor, Gentry, Locke, Rakes & Moore, Roanoke, VA, William David Paxton, Gentry Locke, Rakes & Moore, Roanoke, VA, Michael E. Rosman, Washington, DC, for Antonio J. Morrison.

Joseph Graham Painter, Jr., Painter & Demuth, PLC, Blacksburg, VA, for James Landale Crawford.

Sharon R. Chickering Trial Lawyers, P.C., Roanoke, VA, Julie Goldscheid, Pamela Coukos, Deborah Ellis, Now Legal Defense and Educ. Fund, New York, NY, Minna Kotkin, BLS Legal Services Corp., Brooklyn, NY, for Now Legal Defense and Educ. Fund.

## MEMORANDUM OPINION

KISER, Senior District Judge.

Before the Court is a motion by Defendants Antonio J. Morrison and James Landale Crawford to recover attorneys fees arising from their successful defense against Plaintiff's claim under Subtitle C of the *Violence Against Women Act*, 42 U.S.C. § 13981 (*VAWA*). This motion raises the issue of whether defendants who successfully challenge the constitutionality of a federal law are able to recover attorneys' fees and costs from the United States under the *Equal Access to Justice Act*, 28 U.S.C. § 2412(b) (*EAJA*). Specifically, Defendants seek to qualify under the "common benefit" exception (also known as the "substantial benefit" exception) to the American Rule in order to recover under § 2412(b). Because I find that Defendants fail to qualify under the common benefit exception, their motion for attorneys fees is denied.

### Background

The underlying case arose when Defendants Morrison and Crawford allegedly raped Plaintiff Christy Brzonkala in September 1994. Rather than seeking criminal prosecution, the Plaintiff brought a civil suit pursuant to the then-recently enacted *VAWA*. This Court, however, found VAWA to be an unconstitutional extension of federal authority and dismissed Plaintiff's suit. *Brzonkala v. Virginia Polytechnic & State Univ.*, 935 F.Supp. 779 (W.D.Va.1996). Upon learning of Defendants' challenge to *VAWA*'s civil rights provision, the United States intervened into the case pursuant to its statutory authority under 28 U.S.C. § 2403(a) to defend *VAWA*'s constitutionality.[1] A divid-

---

1. The intervention of the United States was a contested point between the parties in this *EAJA* motion. Section 2412(b) provides that

ed panel of the Fourth Circuit Court of Appeals reversed, 132 F.3d 949 (4th Cir. 1997), but the full court vacated that decision and ordered the case heard *en banc.* 132 F.3d 949 (4th Cir.1997). On rehearing *en banc,* the Fourth Circuit affirmed the District Court. 169 F.3d 820 (4th Cir. 1999). The Supreme Court granted certiorari, *United States v. Morrison,* 527 U.S. 1068, 120 S.Ct. 11, 144 L.Ed.2d 842 (1999), and ultimately affirmed the unconstitionality of Subtitle C of *VAWA.* 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000). Defendants Morrison and Crawford now seek to recover attorneys' fees under the common benefit exception for their successful challenge to *VAWA.*

### Common Benefit Test

28 U.S.C. § 2412(b) provides "The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law...." The so-called American Rule for attorneys fees is generally regarded as one under which parties pay their own way. Although several exceptions existed to the American Rule at common law,[2] the only exception that Defendants claim applies in this case is the common benefit exception.

 The well-settled legal standard for the common benefit exception is that "successful litigation [must] confer[ ] 'a substantial benefit on the members of an ascertainable class, and where the court's jurisdiction over the subject matter of the suit makes possible an award that will operate to spread the costs proportionately among them.'" *Hall v. Cole,* 412 U.S. 1, 5, 93 S.Ct. 1943, 36 L.Ed.2d 702 (19723) (quoting *Mills v. Electric Auto–Lite,* 396 U.S. 375, 391–92, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970)). As a result, the common benefit exception allows feesharing among beneficiaries of litigation, and not fee-shifting from one party to another. *Moore's Federal Practice 3d,* Sec. 54.171[2][b][iii]; *Virginia Hosp. Ass'n v. Kenley,* 74 F.R.D. 417, 419–20 (E.D.Va.1977). Thus, Defendants must show that they conferred a substantial benefit on a definite class of individuals not participating in the litigation. The short answer to Defendants' claim is that the United States was not a member of, nor constituted the whole of, the class upon whom the litigation conferred a benefit.

A similar case to the one at bar is that of *Grace v. Burger,* 763 F.2d 457 (D.C.Cir.), *cert. denied,* 474 U.S. 1026, 106 S.Ct. 583, 88 L.Ed.2d 565 (1985). In *Grace,* plaintiffs sought attorneys' fees under § 2412(b) for their success in challenging the constitutionality of a federal statute under the First Amendment. Even though the successful litigants in *Grace* allegedly benefitted others in a similar way as the Defendants in this case have done, the court in *Grace* emphatically rejected fee recovery under the common benefit exception. Indeed, the *Grace* court wrote that such an application of the common benefit exception would "detach [the exception] from its moorings." *Id.* at 459; *see also Jordan v. Heckler,* 744 F.2d 1397 (10th Cir.1984) (mandating a link between costs and beneficiaries).

 Defendants nonetheless contend that their litigation has conferred a substantial benefit on those individuals who would have been otherwise prosecuted under *VAWA.* Defendants rely chiefly upon *Brewer v. School Board of City of Norfolk,* 456 F.2d 943 (4th Cir.1972). In *Brewer,*

---

parties can only recover fees in "any civil action *brought by or against* the United States" (emphasis added). The United States argues that, since it intervened into the action and did not initiate the suit, no waiver of sovereign immunity occurred and the United States is necessarily exempted from liability under the express terms of § 2412(b). Although this argument seems rather dubious given the purpose of the *EAJA* and the multi-

tude of cases assessing fees against the United States despite its unique intervenor status, this issue need not be resolved here because Defendants' argument fails the common benefit test.

**2.** The exceptions typically include the "common fund," "common benefit," and "bad faith" exceptions.

the Court awarded attorneys' fees in a school desegregation case to the plaintiff when the plaintiff secured for each student in the school a right to busing worth approximately $60. It must be borne in mind that the fees awarded in *Brewer* were not awarded pursuant to EAJA, but rather occurred in the special environment of school desegregation cases, in which the Fourth Circuit was "the leader in the allowance of counsel fees in school desegregation cases." *Id.* at 952 (Winter concurring) (citations omitted). Furthermore, *Brewer*'s allowance of fees rested upon "a quasi-application of the 'common fund' doctrine," *Id.,* because a true fee-sharing scheme in that case would have undermined the purpose of the remedy sought. Moreover, as the United States argues, the EAJA constitutes a waiver of sovereign immunity and must be strictly construed. Thus, the common benefit exception must be given its historical meaning—not the "quasi-application" in *Brewer.* Given these compelling differences between *Brewer* and the case at hand, I do not find *Brewer* to be instructive here and rely solely on the wealth of precedent requiring fee-sharing among an ascertainable class of beneficiaries.

Beyond history and precedent, I also discern two major policy problems arising from Defendants' motion.

First, allowing fees for the Defendants produces a windfall for them. The fee-shifting that Defendants propose does not affect their incentives one bit: the Defendants would have undoubtedly litigated the issue whether or not the United States became involved. Indeed, Plaintiff Brzonkala herself had petitioned for certiorari before the United States did so. As a result, awarding fees under § 2412(b) provides the Defendants with an undeserved windfall that arises because of their luck that the United States happened to intervene.

The second policy problem with Defendants' theory is its failure to address the underlying free-rider problem that the common benefit exception aims remedy.

Indeed, the common benefit exception ensures that those who benefit from litigation bear their proportionate share of the cost when possible. This policy perspective accounts for the prognostication emanating in this Circuit that the common benefit exception "generally unsuitable as a means to award fees against the United States." *Oster v. Bowen,* 682 F.Supp. 853, 856 (E.D.Va.1988). Indeed, the policy underlying the common benefit exception is to ensure equities in recoveries across defined classes of recipients.

### Conclusion

Overall, the hallmark of the common benefit doctrine is cost-sharing within an ascertainable benefitted class. As a result, the common benefit exception is generally inapplicable to the United States. Because Defendants' motion for attorneys' fees under § 2412(b) lacks the required nexus between litigation costs and a definite, ascertainable class of beneficiaries, the motion is denied.