**Gloria T. ALBRECHT, Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, Secretary, Health and Human Services, Defendant-Appellee.**

**No. 84–3681.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 8, 1985.

Decided July 11, 1985.

Fishman & Smith, Donald B. Fishman, Medford, Or., for plaintiff-appellant.

Patrick E. McBride, Seattle, Wash., for defendant-appellee.

Before KILKENNY, WALLACE, and SNEED, Circuit Judges.

PER CURIAM:

Albrecht secured the reversal of a denial of her social security disability insurance benefits. However, she appeals from the district court's denial of attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (Act). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The Act provides that attorneys' fees are available to a prevailing party in a civil action against the United States unless "the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). To determine whether the Secretary's position was substantially justified, we apply a reasonableness standard—whether the Secretary's position was reasonable in both law and fact. *Foster v. Tourtellotte*, 704 F.2d 1109, 1112 (9th Cir. 1983) (per curiam). We review the district court's determination on this issue for an abuse of discretion. *See, e.g., Rawlings v. Heckler*, 725 F.2d 1192, 1194 (9th Cir.1984); *Hoang Ha v. Schweiker*, 707 F.2d 1104, 1105 (9th Cir.1983).

The administrative law judge (ALJ) rejected the opinions of four treating physicians, three of whom considered Albrecht disabled, while the fourth drew no conclusions about disability. The ALJ decided to follow the opinions of two nontreating physicians who reviewed Albrecht's record and determined that she had the residual function capacity for sedentary work other than her old job. The district court reversed the ALJ because the ALJ failed to identify clear and convincing reasons for rejecting the treating physicians' reports. *See, e.g., Murray v. Heckler*, 722 F.2d 499, 501–02

(9th Cir.1983); *see also Allen v. Heckler,* 749 F.2d 577, 579–80 (9th Cir.1985) (consultative evidence may suffice notwithstanding the "clear and convincing reasons" rule). Thus, the district court concluded that the ALJ's decision was not supported by substantial evidence.

 The district court, however, denied Albrecht's request for fees. The court concluded that while the ALJ should not have relied on the nontreating physicians' recommendations in the face of the treating physicians' disability findings without stating clear and convincing reasons, the existence of some evidence supporting the Secretary precluded a finding that the Secretary's position was substantially unjustified. The district court observed that if no evidence had supported the Secretary, her position would be unreasonable. *See, e.g., Wolverton v. Heckler,* 726 F.2d 580, 583 (9th Cir.1984). We cannot say that the district judge abused his discretion when he concluded that the Secretary's position was "substantially justified." When the ALJ is reversed for a failure to weigh conflicting medical evidence properly, an award of fees is inappropriate. *Cf. id.* (stating that fees were appropriate because "[t]he ALJ was not reversed for improper balancing, but because there was no evidence contradicting the medical experts' unanimous finding of disability").

Albrecht also argues to us that aside from improper balancing, the Secretary could not have prevailed because no evidence was introduced regarding the transferability of Albrecht's skills to other sedentary work. *See, e.g., Bonilla v. Secretary of HEW,* 671 F.2d 1245, 1246 (9th Cir.1982) (per curiam). Albrecht argues that because the Secretary introduced no vocational expert testimony on transferability of skills, she was entitled to prevail as a matter of law and the Secretary's position was unreasonable.

 We decline to reverse the district court on this basis for two reasons. First, contrary to Albrecht's assertions, the Secretary is not required to present a vocational expert to supply evidence of transferability; the regulations provide only that the Secretary may use such an expert if one is deemed necessary. *See* 20 C.F.R. § 404.-1566(e) (1984). Second, the district court did not rely on this argument in its denial of fees, and our review of the record reveals that it was not fully presented to the district court. Therefore, we will not reverse for an abuse of discretion on an issue on which neither Albrecht nor the district court relied.

Since we affirm the district court's denial of fees, we need not decide whether Albrecht is entitled to fees for her appeal.

AFFIRMED.