**Jose RODRIGUEZ, Plaintiff,**

**v.**

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

**No. CIV. S–85–592 LKK.**

United States District Court,
E.D. California.

Feb. 10, 1988.

Phillip N. Bruce, Sacramento, Cal., for plaintiff.

Evelyn Matteucci, Asst. U.S. Atty., Sacramento, Cal., for defendant.

## ORDER

KARLTON, Chief Judge.

This action is before the court on defendant's motion for reconsideration of an order granting plaintiff attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a) and (d)(1)(A). For the reasons I explain, the motion to reconsider is granted, but upon reconsideration the previous order is AFFIRMED.

## PROCEDURAL BACKGROUND

Plaintiff Jose L. Rodriguez filed for social security disability insurance benefits and supplemental security income benefits on February 28, 1984. On October 2, 1984, the administrative law judge ("ALJ") denied the request for benefits, finding that plaintiff was not disabled as defined in the Social Security Act. The ALJ stated that while plaintiff was unable to perform his past work, he had the residual functional capacity to perform the full range of "light" work.

On April 25, 1985, plaintiff sought review of the Secretary's decision. The magistrate affirmed the ALJ's decision that plaintiff was unable to perform his past relevant work, but found that there was no substantial evidence to support the Secretary's position that plaintiff could perform other "light" work. The magistrate recommended that the matter be remanded for a new hearing. This court, however, concluded that a new administrative proceeding would serve no useful purpose and directed the Secretary to award benefits to plaintiff.

Plaintiff's attorney moved for attorney's fees for 15.5 hours based on a fee at a rate in excess of $75 per hour and costs in the amount of $105.72 pursuant to the EAJA for work performed. The magistrate, relying on *Albrecht v. Heckler*, 765 F.2d 914 (9th Cir.1985), recommended that petitioner's application for attorney's fees be denied because the Secretary had satisfied the *Albrecht* "some evidence" test and thus had shown that the Secretary's position was "substantially justified." The magistrate did not reach the question of the amount of attorney's fees.

This court declined to adopt the magistrate's recommendation and ordered that attorney's fees and costs be granted. I concluded that, based on the 1985 Amendments to the EAJA, attorney's fees must be awarded in a social security case in which the Secretary's denial of benefits was not supported by substantial evidence. The defendant has filed a motion for reconsideration which is disposed of herein.

## STANDARDS

■ Motions for reconsideration are governed by Rule 60(b) of the Federal Rules of Civil Procedure. The rule provides, in pertinent part: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inad-

vertence, surprise, or excusable neglect...." Rule 60(b) motions are addressed to the sound discretion of the district court, *Savarese v. Edrick Transfer & Storage, Inc.*, 513 F.2d 140, 146 (9th Cir. 1975), and "[r]elief from a judgment is to be 'upon such terms as are just.'" 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2857, at 162 (1973).

■ There is a split in the circuits as to whether legal errors may be reconsidered under Rule 60(b). *See generally* 7 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 60.22[3] (2d ed. 1987); 11 Wright & Miller, *supra*, § 2858, at 176–80. The Ninth Circuit, however, has squarely ruled that errors of law may be corrected by the district court under Rule 60(b)(1). *Liberty Mutual Ins. Co. v. E.E.O.C.*, 691 F.2d 438, 441 (9th Cir.1982). Because defendant asserts that the court has failed to follow the law of the circuit by which I am bound, they have clearly asserted a claim for relief under Rule 60. Moreover, since my disposition, a judge of this court, whose opinion I greatly value, has resolved the issue in a contrary manner. *See Martin v. Bowen*, 670 F.Supp. 295 (E.D.Cal.1987). Judge Schwartz's carefully considered contrary opinion is enough to convince me that reconsideration is warranted. I now turn to the substance of the government's claim.

### DISCUSSION

■ The Equal Access to Justice Act, 28 U.S.C. § 2412(a) and (d)(1)(A), provides for awards of both attorney's fees and costs to a party who prevails in a civil action brought against the United States.[1] It was enacted to reduce the chance that the expense of litigation would deter an aggrieved party from asserting his or her rights against the government. *Wolverton*

*v. Heckler*, 726 F.2d 580, 582 (9th Cir.1984) (citing H.R.Rep. No. 1418, 96th Cong., 2d Sess. 5, *reprinted in* 1980 U.S.Code Cong. & Admin.News 4953, 4984). To accomplish that purpose, the EAJA shifts the payment of attorney's fees from the prevailing party to the government, *id.*, unless "the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). To avoid the imposition of attorney's fees, the government's position must be substantially justified both in law and fact, *Foster v. Tourtellotte*, 704 F.2d 1109, 1112 (9th Cir. 1983), and that determination is evaluated under the totality of the circumstances, prelitigation and during trial. *Rawlings v. Heckler*, 725 F.2d 1192, 1196 (9th Cir.1984).

In *Albrecht v. Heckler*, 765 F.2d 914 (9th Cir.1984), the Ninth Circuit considered the meaning of the term "substantially justified." In *Albrecht*, the trial court reversed the ALJ's decision denying plaintiff benefits because the ALJ incorrectly followed the opinions of two non-treating physicians. Nonetheless, the trial court concluded that since "some evidence" supported the government's position, an award of attorney's fees would be inappropriate. The Ninth Circuit affirmed the lower court's decision, ruling that the existence of "some evidence" in support of the Secretary's position precluded a finding that the Secretary's position was not substantially justified. *Id.* at 916. Put another way, in the *Albrecht* panel's view, if "some evidence" supported a finding that a claimant was not disabled, the Secretary was substantially justified in denying disability benefits, and attorney's fees must be denied.

The reasonableness standard to which *Albrecht* refers in construing the term "substantially justified" was derived from the legislative history of the EAJA when it

---

1. 28 U.S.C. § 2412(a) provides that "[e]xcept as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action."

28 U.S.C. § 2412(d)(1)(A) provides in pertinent part that "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was *substantially justified* or that special circumstances make an award unjust." [Emphasis added.]

was enacted in 1980. The plain meaning of the phrase "substantially justified" would seem to denote a higher standard than mere reasonableness, and certainly more stringent than "some evidence." Nonetheless, the Ninth Circuit, relying on the legislative history, concluded that "reasonableness" is the correct test for determining whether the government's position was "substantially justified," *see Foster v. Tourtellotte*, 704 F.2d 1109, 1111–12 (9th Cir.1983), and that the existence of "some evidence" would satisfy a "reasonableness" standard.

It is not at all clear that under the restricted standards of statutory construction recently enunciated by the Supreme Court, the circuit's use of legislative history was appropriate. *See INS v. Cardoza–Fonseca,* — U.S. —, 107 S.Ct. 1207, 94 L.Ed. 2d 434 (1987). Under current standards, where a statute's words are clear, resort may be had to legislative history "to determine only whether there is 'clearly expressed legislative intention' contrary to that language...." *Cardoza–Fonseca,* — U.S. at —, 107 S.Ct. at 1213 n. 12 (citations omitted). At best, all that may be said for the 1980 legislative history of the EAJA is that it was ambiguous. The House Committee on the Judiciary's report on the EAJA states "[t]he test of whether or not a Government action is substantially justified is essentially one of reasonableness. Where the Government can show that its case had reasonable basis both in law and fact, no award will be made." H.R.Rep. No. 1418, 96th Cong., 2d Sess. 10, *reprinted in* 1980 U.S.Code Cong. & Admin.News 4984, 4989. Yet the Senate Judiciary Committee considered and rejected an amendment to the bill that would have changed the pertinent language from "substantially justified" to "reasonably justified." S.Rep. No. 253, 96th Cong., 1st Sess. 1, 8 (1979). As the D.C. Circuit recognized, "[t]hat refusal suggests that the test should, in fact, be slightly more stringent than 'one of reasonableness.'" *Spencer v. N.L.R.B.,* 712 F.2d 539, 558

(D.C.Cir.1983), *cert. denied,* 466 U.S. 936, 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984). The *Spencer* court also observed that "the purposes of the Act would *not* be promoted by treating the question whether the position taken by the United States in a particular case was 'substantially justified' as equivalent to the question whether it was 'reasonable' for government counsel to pursue the litigation." *Id.*

The Supreme Court has warned that "[g]oing behind the plain language of a statute in search of a possibly contrary congressional intent is 'a step to be taken cautiously' even under the best of circumstances." *American Tobacco Co. v. Patterson,* 456 U.S. 63, 75, 102 S.Ct. 1534, 1540, 71 L.Ed.2d 748 (1982) (quoting *Piper v. Chris–Craft Indus., Inc.,* 430 U.S. 1, 26, 97 S.Ct. 926, 941–42, 51 L.Ed.2d 124 (1977)). Given the ambiguity of the legislative history, the justification for departing from the plain meaning of the statutory language is uncertain. All of the above suggests that there are serious doubts that the Ninth Circuit properly construed the statutory language. Having said as much, I, of course, recognize that I am bound to follow that construction, *Zuniga v. United Can Co.,* 812 F.2d 443, 450 (9th Cir.1987), unless Congress or the Supreme Court determines otherwise. It is my failure to adhere to *Albrecht* which has given rise to the government's motion, and it is my brother's decision that he was still bound by *Albrecht* that gave rise to my willingness to entertain the motion. The precise question is whether, given the reenactment of EAJA in 1985, I am bound by *Albrecht* which was premised on the circuit's evaluation of the 1980 legislative history.

As originally enacted, section 2412(d) of the Act contained a sunset clause whereby, effective October 1, 1984, that provision was repealed. The 1985 legislation served to reenact EAJA and make it permanent. In reenacting the statute, Congress used virtually the same language it had employed in 1980.[2] In construing the reen-

---

**2.** Congress did add the phrase "including proceedings for judicial review of an action" to section 2412(d)(1)(A), which expands the scope

of agency conduct subject to review. That amendment has no bearing on the issue presently before the court. No amendment was made

actment, as in construing any statute, the court is faced with a question of legislative intention. If Congress intended to adopt the Ninth Circuit's construction of the previous statute, I am bound by *Albrecht*. If, however, Congress has rejected the circuit's interpretation, then my duty is to give effect to Congress' purpose.

When Congress reenacts a statutory provision without change, Congress is presumed to be aware of prior judicial interpretation of that provision and to adopt that interpretation. *Lorillard v. Pons*, 434 U.S. 575, 580, 98 S.Ct. 866, 869–70, 55 L.Ed. 2d 40 (1978); *Ward v. C.I.R.*, 784 F.2d 1424, 1430 (9th Cir.1986); *Rath Packing Co. v. Becker*, 530 F.2d 1295, 1312 (9th Cir.1975), *aff'd*, 430 U.S. 519, 97 S.Ct. 1305, 51 L.Ed.2d 604 (1977). In this case, however, there were conflicting judicial interpretations of the statutory term "substantially justified." The D.C. Circuit embraced a more than mere reasonableness standard, *Spencer v. N.L.R.B.*, 712 F.2d at 558; *Grace v. Burger*, 763 F.2d 457, 458–59 (D.C.Cir.), *cert. denied*, 474 U.S. 1026, 106 S.Ct. 583, 88 L.Ed.2d 565 (1985), while the Ninth and other Circuits adopted a so-called "reasonableness" test. Given the fact that there were two extant but contrary judicial interpretations, Congress, by virtue of reenacting the provision in the same language, created an ambiguity not only as to whether *Albrecht* is still binding, but as to the meaning of the statute. Since in this sense the language of the statute is ambiguous, I must look to the legislative history to resolve that ambiguity. *United States v. Curtis–Nevada Mines, Inc.*, 611 F.2d 1277, 1280–81 n. 1 (9th Cir.1980). Incidentally, in determining Congress' intention in using the same language in reenacting the statute, I will inevitably also determine Congress' intent as to whether *Albrecht* is still binding upon me.

■■■ At least two other district courts have determined that the legislative history makes clear that the 1985 Congress intended "substantial justification" to mean more than merely reasonable (much less "some evidence"). *See Derby v. Bowen*, 636 F.Supp. 803 (E.D.Wash.1986); *Oliveira v. Bowen*, 664 F.Supp. 1320 (N.D.Cal.1986). Those courts were particularly impressed with the House Report which was prepared with the announced purpose of "informing judicial construction of pre–1985 provisions." H.R.Rep. No. 120, 99th Cong., 1st Sess., pt. 1, at 21, *reprinted in* 1985 U.S. Code Cong. & Admin.News 132, 149. In reenacting the statute, the House Report states:

> Part of the problem in implementing the Act has been that agencies and courts are misconstruing the Act. Some courts have construed "the position of the United States" which must be "substantially justified" in a narrow fashion which has helped the Federal Government escape liability for awards. H.R. 2378 clarifies both of these points.

H.R.Rep. No. 120, 99th Cong., 1st Sess. 1, pt. 1, at 9, *reprinted in* 1985 U.S. Code Cong. & Admin.News 132, 137.

The House Report further explained:

> Another problem which has developed in the implementation of the Act has been the fact that courts have been divided on the meaning of "substantial justification." Several courts have held correctly that "substantial justification" means more than merely reasonable. Because in 1980 Congress rejected a standard of "reasonably justified" in favor of "substantially justified," the test must be more than mere reasonableness.
>
> Especially puzzling, however, have been statements by some courts that an administrative decision may be substantially justified under the Act even if it must be reversed because it was arbitrary and capricious or was not supported by substantial evidence. Agency action found to be arbitrary and capricious or unsupported by substantial evidence is virtually certain not to have been substantially justified under the Act.

H.R.Rep. No. 120, 99th Cong., 1st Sess. 1, pt. 1, at 9–10, *reprinted in* 1985 U.S.Code Cong. & Admin.News 132, 138 [footnotes

with respect to the statutory term "substantially justified."

omitted]. All the above seems to make clear that Congress considered the standard adopted by the D.C. Circuit to be the correct interpretation of "substantial justification." Judge Schwartz, however, rejects this resolution, arguing that "the views of a subsequent Congress form a hazardous basis for inferring the intent of an earlier one," *Martin,* 670 F.Supp. at 297. While I fully agree with my brother's observation, I do not believe that he addresses the appropriate question. The House Report, although it was commenting on judicial treatment of previous legislation, and thus in that sense, was commenting on a previous Congress' intention, also was created by the Committee to accompany new legislation, i.e., the reenactment. Thus, the appropriate question is the light that the House Report sheds on the 1985 legislation, rather than on the 1980 Act, for it is the 1985 legislation which governs this case.[3]

As Judge Schwartz has recognized, the Committee in enacting the 1985 legislation noted Congress' purpose to "make 'clarifying technical and substantive amendments' to EAJA and to make EAJA, as amended, permanent." *Martin,* 670 F.Supp. at 297 (quoting H.R.Rep. No. 120, 99th Cong., 1st Sess., pt. 1, at 4, *reprinted in* 1985 U.S. Code Cong. & Admin.News 132). Judge Schwartz gives little weight to this congressional purpose, noting "[i]n reality the process of 'reenacting' EAJA involved deleting the sunset clause in the original statute." *Martin,* 670 F.Supp. at 295 n. 4. In my view, however, the court may not disregard the House's stated purpose; if indeed the only textual change was deletion of the Sunset Clause, then the substantive amendments Congress intended must relate precisely to the standard applicable to the award of attorney's fees. As to that matter, the Committee explicitly rejected the conclusion reached in *Albrecht* that the existence of some evidence constitutes substantial justification for denying benefits. As Chief Judge McNichols noted, "[i]t is

impossible to ignore or explain away the crystalline language chosen by the drafters of the House Report in proclaiming that if an administrative decision is not supported by substantial evidence, then it is 'virtually certain not to have been substantially justified.'" *Derby,* 636 F.Supp. at 808.

It is true that several individual congressmen expressly repudiated the language in the report which states that an agency action not supported by substantial evidence entitles the prevailing party to fees and costs. The Supreme Court, however, has "repeatedly recognized that the authoritative source for legislative intention lies in the committee reports on the bill," *Thornburg v. Gingles,* 478 U.S. 30, 106 S.Ct. 2752, 2763 n. 7, 92 L.Ed.2d 25 (1986); *see also Garcia v. United States,* 469 U.S. 70, 76, 105 S.Ct. 479, 483, 83 L.Ed.2d 472 (1984), and that statements made by individual legislators will not generally be given a great deal of weight. *See Garcia,* 469 U.S. at 76, 105 S.Ct. at 483; *see also Donovan v. Hotel, Motel and Restaurant Employees and Bartenders' Union, Local 19,* 700 F.2d 539, 544 n. 7 (9th Cir.1983). Judge Schwartz, however, places greater emphasis on the comments of these legislators because they were made by the co-sponsors of the 1985 amendments. *Martin,* 670 F.Supp. at 299 (quoting *Federal Election Commission v. Rose,* 806 F.2d 1081, 1090 (D.C.Cir. (1986)). Upon analysis, such reliance appears unjustified.

In *Rose,* the D.C. Circuit noted disagreement with the House Report from Senators Grassley and Thurmond, the latter then Chairman of the Senate Judiciary Committee. Moreover, the court noted that both Congressmen Kindness and Moorhead took exception to the House Report, and Congressman Kastenmeier, then Chairman of the House Committee, also disagreed with a portion of the House Report. Several points, however, make the *Rose* court's argument less than compelling. It is not clear that the comments of Senators Grass-

---

**3.** The 1985 legislation applies to cases pending on or commenced on or after August 5, 1985, the effective date of the legislation. Equal Access to Justice Act, Extension and Amendment,

Pub.L. No. 99–80, § 7, 99 Stat. 183, 186 (1985). Since this case was filed on April 25, 1985, but was not decided until August 4, 1986, it is governed by the new legislation.

ley and Thurmond, if read in their entirety, are inconsistent with the House Report's statements on "substantial justification." For example, after the passage quoted in *Rose,* and relied on in *Martin,* Senator Grassley continues:

> However, I would say that where the agency action is found by a court to be arbitrary and capricious or where there is little or no factual support for the agency action, the Government—as a practical matter—has its work cut out for it to prove substantial justification.

And Senator Thurmond says as follows:

> One critical point, which was emphasized by Senator Grassley, is that the award of attorney fees requires an inquiry separate and distinct from the final disposition of the merits in any case.... Therefore, there could be cases where an agency loses on the merits because a court has found its action to be arbitrary and capricious, but where no attorney fees would be awarded because the Government was substantially justified in the position it had taken.

> The application of the provisions of the bill to an administrative agency determination of a fee award occurs as follows: The issue of awarding attorney fees will come after the disposition on the merits. When the awarding of attorney fees is at issue, the burden of proof to be met by the Government is that the Government was "substantially justified" in its position. In a subsequent appeal of the administrative determination of the fee issue, a district court would decide if there was "substantial evidence on the record taken as a whole" that the Government had met this burden.

These comments appear to be addressed to the issue of whether EAJA provides for automatic fee shifting and emphasize that the award of attorney's fees requires an inquiry separate from the final disposition of the merits. Their sense of what that inquiry is does not appear to be inconsistent with the notion that agency action not supported by substantial evidence is not generally "substantially justified."

The comments of the members of the House are more problematic as they do appear to argue that a finding that an agency action was not supported by substantial evidence does not entitle the prevailing party to attorney fees under the "substantial justification" standard. Nonetheless, these comments cannot control disposition of this case. It is true that the comments of legislators who participate in the drafting of legislation are entitled to some weight, *see American Constitutional Party v. Munro,* 650 F.2d 184, 188 (9th Cir.1981). It is not clear that mere nominal co-sponsorship suffices to meet that standard. Moreover, those comments must be measured against the official House Report. While it is certainly true that a proponent's comments from the floor may help clarify a committee's report, as a matter of logic, it cannot be held to express legislative intention when it contradicts the report of the committee that sent the bill to the floor of the Congress. Thus, at most, the House members' statements only demonstrate that some members who voted for the bill had a different understanding than the Congress as a whole. Given the history of the 1985 legislation, it seems absolutely clear that Congress meant "substantial" justification when it used the words, and thus not mere reasonableness, much less a "some evidence" standard. However right or wrong *Albrecht* was in construing the 1980 legislation, it does not govern construction of the 1985 legislation.

A district court should be extremely careful in concluding that circuit precedent is no longer good law. *See Hasbrouck v. Texaco, Inc.,* 663 F.2d 930, 933 (9th Cir. 1981), *cert. denied,* 459 U.S. 828, 103 S.Ct. 63, 74 L.Ed.2d 65 (1982). In this case, however, Congress in the process of reenacting the EAJA, has displaced the Ninth Circuit's construction of the term "substantial justification," and the *Albrecht* holding is no longer binding. I conclude that, based on the 1985 reenactment of the EAJA, attorney's fees must be awarded unless substantial evidence supports the Secretary's position that a claimant is disabled.

■ In the matter at bar, the magistrate found that "the record considered as a whole does not contain substantial evidence to support the finding that plaintiff could perform a full range of light or sedentary work given his need to alternate between sitting and standing due to his severe back pain." That finding was not challenged, and disability benefits were awarded. Because substantial evidence did not support the Secretary's position, the Secretary's position was not substantially justified. Plaintiff's attorney is therefore entitled to EAJA attorney's fees. The matter is REMANDED to the magistrate to determine the amount of fees that should be awarded.

IT IS SO ORDERED.