Charlene CANNON, Plaintiff,

v.

Margaret M. HECKLER, Secretary of
Health and Human Services,
Defendant.

No. C–84–4806 WHO.

United States District Court,
N.D. California.

May 20, 1988.

Mary M. Burke, Point Richmond, Cal., for plaintiff.

Joseph P. Russoniello, U.S. Atty., Kimberly Reiley, Asst. U.S. Atty., San Francisco, Cal., for defendant.

OPINION AND ORDER

ORRICK, District Judge.

Plaintiff, having successfully sued the Secretary of Health and Human Services (the "Secretary") for supplemental security income ("SSI") benefits, now moves the Court for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(d)(1)(A). The EAJA provides that if a plaintiff prevails in a civil suit against the United States, fees incurred by the prevailing party shall be awarded, unless the court finds that the position of the United States was substantially justified, or unless special circumstances make an award unjust. *Id.* Although plaintiff did prevail in the action to seek benefits, the Court denies her motion for an award of attorney's fees because it finds that the position of the Secretary was substantially justified, and that special circumstances would make an award unjust.

I.

Plaintiff applied for SSI benefits on three separate occasions: in May 1980, in June 1981, and in December 1981. The first two applications were denied by the Social Security Administration, and plaintiff did not appeal. Plaintiff did pursue her third application, which was ultimately denied by an Administrative Law Judge ("ALJ") in February 1984. The ALJ held that plaintiff had not demonstrated that she was "severely impaired" and, thus, under relevant Social Security regulations was not entitled to SSI benefits.

Plaintiff appealed the ALJ's decision to this Court. The parties filed cross-motions for summary judgment. On March 15, 1985, the Court granted the Secretary's motion and denied plaintiff's motion. The Court held that there was substantial evidence to support the ALJ's decision that plaintiff was not severely impaired and, therefore, was not entitled to SSI benefits.

Plaintiff appealed the Court's ruling to the United States Court of Appeals for the Ninth Circuit. That Court remanded the case for reconsideration in light of the decision in *Smith v. Heckler,* 595 F.Supp. 1173

(E.D.Cal.1984). In *Smith*, a district court judge held that denying an applicant benefits solely on the basis that the applicant was not severely impaired violated the Social Security Act, because this stringent standard did not take into consideration the applicant's ability to do work based on the applicant's age, education, and experience.

On remand, plaintiff was granted SSI benefits, based on the considerations articulated in *Smith*. This Court entered judgment for plaintiff on August 10, 1987.

Plaintiff now moves for attorney's fees under the EAJA.

## II.

Under the EAJA, the Court shall award the prevailing party attorney's fees, unless the position of the Secretary was "substantially justified" or unless there are special circumstances that would make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). In this case, the Court finds both that the position of the Secretary was substantially justified and that special circumstances exist that would make such an award unjust.

## A.

In deciding whether the Secretary's position was substantially justified in this case, the Court must determine whether her position was reasonable in both fact and law. *See, e.g., Albrecht v. Heckler*, 765 F.2d 914, 915 (9th Cir.1985). If no evidence supports the Secretary, then her position will be deemed unreasonable. *See, e.g., Wolverton v. Heckler*, 726 F.2d 580, 583 (9th Cir. 1984). However, the existence of "some evidence" supporting the Secretary's position is enough to make her position reasonable and substantially justified. *Albrecht*, 765 F.2d at 916.

In this case, the Secretary's position was reasonable, given the facts contained in the record. The record contains a great deal of evidence demonstrating that plaintiff did not suffer from any medically severe impairments. Tr. 82, 147, 164, 211, 212, 213. Plaintiff herself admits that the record contains statements by medical experts indicating that her impairments were not severe. Plaintiff's Memorandum in Support of Plaintiff's Motion for Summary Judgment, filed Nov. 13, 1984, p. 2, 11, 19–22.

This evidence satisfies the very minimal amount of evidence necessary to make the Secretary's position reasonable. *See Albrecht*, 765 F.2d at 916. In fact, this Court has previously concluded that *substantial* factual evidence exists to support the Secretary's position. *See* Order Granting Defendant's Motion for Summary Judgment, filed Mar. 15, 1985.

Moreover, the Secretary's position that plaintiff was not entitled to SSI benefits because she was not severely impaired was also reasonable as a matter of law. It is true that on appeal the Ninth Circuit rejected the narrow equation of disability with "severe impairment," and directed this Court to consider the factors of age, education, and experience, as the court had done in *Smith*. It is also true that on remand plaintiff prevailed under the *Smith* rationale and received SSI benefits. However, it is important to note that the Secretary was justified in not following *Smith* when this case was originally litigated in this Court. *Smith* was an opinion by a district judge in the Eastern District of California, and was not binding in this District. To the contrary, a judge in the Northern District of California had refused to follow *Smith* and had upheld the "severe impairment" test. *Hall v. Heckler*, 602 F.Supp. 1169 (N.D.Cal.1985) (Schwarzer, J.). Moreover, the Social Security regulations that existed at that time expressly stated that disability benefits would only be granted to those who were severely disabled, regardless of age, education, or work experience. 20 C.F.R. § 416.920(c). Thus, until the Ninth Circuit tacitly adopted *Smith* when this case went on appeal, the Secretary was not obligated to adopt the legal reasoning articulated in *Smith*.

In sum, the Secretary's position was reasonable both as a matter of fact and law. The Secretary was, therefore, substantially justified in opposing plaintiff's claim for SSI benefits. As a result, plaintiff is not entitled to an award of attorney's fees under the EAJA.

## B.

Even if plaintiff were somehow to convince this Court that the Secretary's posi-

460

tion was not substantially justified, the Court would still refuse to grant the award of fees, because special circumstances exist that would make such an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A).

In 1987, the Supreme Court ruled that it was consistent with the Social Security Act and, thus, valid to deny SSI benefits solely on the basis that the applicant is not severely impaired, without any reference to age, education, or work experience. *Bowen v. Yuckert*, 482 U.S. 137, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). In short, the Supreme Court has squarely renounced the *Smith* holding. It would be unjust to force the Secretary to pay attorney's fees when it is clear that she would not even have to pay benefits to plaintiff under current law. It also would be unjust to force the Secretary to pay attorney's fees for taking a legal position that has since been vindicated by the Supreme Court. The special circumstances of this case appear to be the very type of circumstances Congress had in mind when it enacted this particular prohibition against EAJA awards in 28 U.S.C. § 2412(d)(1)(A).

Due to the special circumstances of this case, the Court finds that an award of attorney's fees would be unjust. Accordingly,

IT IS HEREBY ORDERED that plaintiff's application for an award of attorney's fees is denied.