928 F.2d 1137
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 William H. ROBEY, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 90-15545.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 24, 1991.*
Decided March 19, 1991.
 Appeal from the United States District Court for the Northern District of California, No. CV 87-5340 TEH; Thelton E. Henderson, District Judge, Presiding.
 N.D.Cal. [APPEAL AFTER REMAND FROM 880 F.2D 1323].
 AFFIRMED.
 Before WALLACE and SCHROEDER, Circuit Judges, and TEVRIZIAN,** District Judge.
 MEMORANDUM***
 Robey appealed the district court's summary judgment entered in favor of the Secretary of Health and Human Services (Secretary) affirming the Secretary's determination that Robey was not disabled within the meaning of the Social Security Act. We previously reversed. Robey now appeals from the district court's denial on remand of his request for an award of attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. Sec. 2412 (EAJA). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 1
 The EAJA provides for an award of attorneys' fees to a prevailing party in a civil action against the United States unless the position of the United States was "substantially justified." 28 U.S.C. Sec. 2412(d)(1)(A). The Ninth Circuit has long applied a reasonableness standard in determining whether the government's position was substantially justified for purposes of the EAJA. Kali v. Bowen, 854 F.2d 329, 331 (9th Cir.1988). Where the government's position had "a reasonable basis both in law and fact" attorneys' fees should not be awarded. Pierce v. Underwood, 487 U.S. 552, 565 (1988); accord Albrecht v. Heckler, 765 F.2d 914, 915 (9th Cir.1985) (per curiam).
 
 
 2
 In the instant matter, we review the district court's denial of an award of attorneys' fees for abuse of discretion. Pierce, 487 U.S. at 562; Kali, 854 F.2d at 331. The district court abuses its discretion when its decision "is based on an erroneous conclusion of law or when the record contains no evidence on which [it] rationally could have based that decision." Id. (quoting In re Hill, 775 F.2d 1037, 1040 (9th Cir.1985)).
 
 
 3
 The Administrative Law Judge (ALJ) in the underlying disability action concluded that Robey was disabled from November 2, 1983, the date of the alleged onset of Robey's symptoms, through April 19, 1985, and that he again became disabled commencing June 1, 1986. In denying Robey's disability benefits for the period between April, 1985 and June, 1986 the ALJ relied upon reports of several physicians who testified that Robey was capable of performing light work. In addition, the ALJ found that Robey's participation in a six hour per day, five day per week training program, and a vocational expert's testimony that Robey could perform work as an electronics tester, was convincing evidence of Robey's ability to work during the period for which he was denied benefits.
 
 
 4
 When Robey filed suit in the district court challenging the ALJ's findings, the district court granted summary judgment in favor of the Secretary. We reversed the district court, however, because the ALJ failed properly to address Robey's subjective complaints of pain. Where the ALJ fails to articulate reasons for refusing to accept a claimant's subjective pain testimony, that testimony must be taken as true. Varney v. Secretary of Health and Human Services, 859 F.2d 1396, 1401 (9th Cir.1988). On remand, the district court denied Robey's application for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. Sec. 2412 (EAJA). The district court found that even though the ALJ may have incorrectly weighed Robey's subjective pain testimony, there existed some evidence supporting the Secretary's position. We cannot say that the district court abused its discretion in denying Robey's application for attorneys' fees.
 
 
 5
 In denying Robey's application for attorneys' fees, the district court relied on the factually similar case of Albrecht v. Heckler, 765 F.2d 914 (9th Cir.1985). In that case the ALJ denied Albrecht's application for disability insurance benefits but this denial was reversed by the district court because the ALJ had failed to identify clear and convincing reasons to reject the testimony of Albrecht's treating physicians. The district court denied Albrecht's application for attorneys' fees under the EAJA however, and the Ninth Circuit panel affirmed. The panel agreed with the lower court that "the existence of some evidence supporting the Secretary precluded a finding that the Secretary's position was substantially unjustified." Id. at 916.
 
 
 6
 In the case now before us, there was substantial evidence supporting the Secretary's position. This evidence included the testimony of the two physicians and the vocational expert mentioned above, as well as Robey's participation in the vocational training program. Although the ALJ failed properly to articulate his findings regarding Robey's subjective pain complaints, the district court on remand did not abuse its discretion in refusing to award attorneys' fees. The district court found that there was sufficient evidence supporting the Secretary's position that it was within the realm of reasonableness in law and fact as required by the Supreme Court in Pierce v. Underwood and the Ninth Circuit in Albrecht. We agree.
 
 
 7
 For the foregoing reasons, we affirm the district court's denial of an attorneys' fee award under the EAJA.
 
 
 
 *
 The panel finds the case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Honorable Dickran M. Tevrizian, Jr., United States District Judge, Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3