29 F.3d 631
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Janis C. GARNER, Plaintiff-Appellant,
v.
Donna E. SHALALA,** Secretary of HHS,
Defendant-Appellee.
 No. 93-15090.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1994.*
Decided June 22, 1994.
 
 Before: GOODWIN, PREGERSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Janis C. Garner appeals the district court's order denying her motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. Sec. 2412(d)(1)(A), following her successful suit against the Secretary of Health and Human Services challenging the Secretary's denial of Garner's applications for Title II disability insurance benefits and Title XVI supplemental security income benefits. Garner argues that the district court abused its discretion in denying her motion because the Secretary's position was not substantially justified. We have jurisdiction, 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * The Secretary originally argued that the district court lacked jurisdiction over Garner's EAJA motion because it was not timely filed. The district court did not reach this issue because it denied Garner's motion on the ground that the Secretary's position was substantially justified. The Secretary now concedes that Garner's motion was timely because no "separate document" of judgment was entered in connection with the district court's remand order. See Shalala v. Schaefer, 113 S.Ct. 2625, 2632 (1993).
 
 II
 
 4
 The EAJA provides that a prevailing party in a civil action against the United States shall be awarded attorney's fees unless the court finds that the government's position was substantially justified. 28 U.S.C. Sec. 2412(d)(1)(A). "The test for determining whether the Secretary's position was substantially justified under the EAJA is whether the position had a reasonable basis in both law and fact--that is, whether it was justified 'to a degree that could satisfy a reasonable person.' " Russell v. Sullivan, 930 F.2d 1443, 1445 (9th Cir.1991) (order) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).
 
 
 5
 We review the district court's decision whether the government's position was substantially justified for abuse of discretion. Underwood, 487 U.S. at 560-63; Pirus v. Bowen, 869 F.2d 536, 539 (9th Cir.1989). "We may not substitute our view of what constitutes substantial justification for that of the district court; our review is limited to assuring that the district court's determination has a basis in reason." Pirus, 869 F.2d at 540. Under this highly deferential standard of review, we cannot say that the district court abused its discretion in denying Garner's motion for attorney's fees.
 
 
 6
 Garner's principal contention is that the district court failed to consider Dr. Udom's assessment of her residual functional capacity, in which he indicated that Garner's ability to stand or walk was limited by a loss of balance and an inability to stand on one foot. Garner submits that the Appeals Council's disregard of both Dr. Udom's RFC assessment, as well as the results of Nerve Condition Studies conducted by Dr. Mahmoudi, renders its position substantially unjustified. We disagree. We note initially that the only error identified in the district court's remand order was the Appeals Council's failure to consider Dr. Mahmoudi's diagnosis of Dupuytren's contractures. On remand, the ALJ rejected this diagnosis as inconsistent with the other medical evidence in the record.
 
 
 7
 Although the second ALJ ultimately found Garner disabled based on her inability to perform a full range of sedentary work, this does not mean that the Secretary's position had no reasonable basis in law and fact. Indeed, Dr. Udom's RFC assessment does not specify the extent to which Garner's ability to stand or walk was impaired; nor does it state that her impairments had any effect on her ability to sit. It also states that she could lift a maximum of 10 to 20 pounds. Similarly, the results of the Nerve Conduction Studies, while consistent with a diagnosis of diabetic peripheral neuropathy, do not indicate how Garner's ability to perform sedentary work was significantly impaired. When considered in light of the other medical evidence, it was not unreasonable for the Appeals Council to conclude that Garner was capable of performing sedentary work. See 20 C.F.R. Sec. 404.1567(a), 416.967(a). The Secretary's denial of benefits can be overturned, yet still be substantially justified within the meaning of the EAJA. See Albrecht v. Heckler, 765 F.2d 914, 915-16 (9th Cir.1985) (per curiam).
 
 
 8
 We also reject Garner's argument that the district court applied the incorrect legal standard by holding that the Secretary was substantially justified in evaluating her at age 49 rather than age 50. At the time of the first ALJ's decision, Garner was more than six months away from her fiftieth birthday. When the Appeals Council denied review of that decision, the ALJ's decision became "final" for the purpose of judicial review. Russell v. Bowen, 856 F.2d 81, 83-84 (9th Cir.1988). Even on remand, the second ALJ evaluated Garner as a "younger individual" when he awarded her benefits as of her alleged onset date of disability. Under these circumstances, the district court did not err in refusing to speculate how the Appeals Council would have evaluated Garner if it had chosen to review the first ALJ's decision.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Donna E. Shalala has been substituted for Louis W. Sullivan pursuant to Rule 43(c)(1) of the Federal Rules of Appellate Procedure
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3