Woodin v. SSA                    CV-95-601-M    08/28/97

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


Charles Woodin

    v.                                          Civil No. 95-601-M

John J. Callahan, Commissioner
Social Security Administration[1]


## O R D E R

Plaintiff, Charles Woodin, moves for an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C.A. § 2412 following judgment in his social security case reversing the Commissioner's decision and remanding for further proceedings.  See Order, December 18, 1996, and Judgment entered December 19, 1996.  For the reasons that follow, the motion is denied.

## Discussion

The EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C.A. § 2412(d)(1)(A).  The Commissioner opposes Woodin's motion on grounds that the government's position was

_____

[1]  The President appointed John J. Callahan as Acting Commissioner of Social Security, effective March 1, 1997, to succeed Shirley S. Chater.  Pursuant to Fed. R. Civ. P. 25(d)(1), John J. Callahan is thus substituted for Shirley S. Chater as the defendant in this action.

substantially justified within the meaning of the EAJA. Therefore, the Commissioner bears the burden of showing that even though the government's motion for affirmance was denied, the claimant's motion to reverse was granted, and the case was remanded for further proceedings, the government's position nevertheless had a "reasonable basis in law and fact" and was, therefore, "substantially justified." Morin v. Secretary of Health and Human Servs., 835 F.Supp. 1431, 1434 (D.N.H. 1993) (quotations omitted); see also United States v. One Parcel of Real Property, 960 F.2d 200, 208 (1st Cir. 1992). Even if the government's position is rejected by a court, if reasonable people could differ as to whether the government's position was appropriate, it is "substantially justified." Pierce v. Underwood, 487 U.S. 552, 565 (1988).

The Commissioner's decision denying Woodin's claim for benefits was reversed and remanded for two reasons. First, the Administrative Law Judge did not adequately explain why he had not credited the opinions of Woodin's treating physicians, as required by the applicable regulations. Second, he failed to consider (or at least to formally address in the record) all factors relevant to assessing Woodin's subjective complaints of pain, under Avery v. Secretary of Health and Human Servs., 797 F.2d 19, 21 (1st Cir. 1986). Thus, the ALJ's determination was not found by the court to be "wrong;" but was found to have been inadequately supported on the record to permit an affirmance. In addition, the court found that the record presented a close case

and acknowledged that the medical evidence in the record showed differences of opinions as to the nature, source, and severity of Woodin's pain.

A close case, such as the present one, is by definition a case in which reasonable minds could differ as to whether the disability determination was appropriate and whether the government's position seeking an affirmance was "substantially justified."  See Cummings v. Sullivan, 950 F.2d 492, 498 (7th Cir. 1991) (citing cases).  In addition, where the reversal and remand are grounded in a record that fails to disclose whether conflicting medical opinion evidence and factual evidence of pain was appropriately weighed and considered (as opposed to one showing an unjustifiable or substantially unjustified weighing), the government's position in support of the Commissioner's denial of benefits is substantially justified.  See Albrecht v. Heckler, 765 F.2d 914, 916 (9th Cir. 1985).  Under these circumstances, because the government's position here was substantially justified within the meaning of the EAJA, Woodin is not entitled to an award of attorney's fees.

## Conclusion

For the foregoing reasons, plaintiff's motion for attorney's fees (document no. 17) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

3

August 28, 1997

cc:   Raymond J. Kelly, Esq.
      David L. Broderick, Esq.