**In re James ELLETT, Debtor.**

**Gerald Goldberg, Executive Director of the Franchise Tax Board, Appellant,**

v.

**James Ellett, Appellee.**

**No. CIV. S 03–0599 MCE.**

United States District Court, E.D. California.

Oct. 24, 2003.

Robert N. Kolb, Law Offices of Robert N. Kolb, Antioch, CA, for Appellee.

Kristian Dahl Whitten, California Attorney General's Office, San Francisco, CA, for Appellant.

## MEMORANDUM AND ORDER

ENGLAND, District Judge.

Appellant Gerald Goldberg ("Goldberg") Executive Director of the Franchise Tax Board ("FTB"), appeals the Bankruptcy Court's Order denying his motion to dismiss adversary proceedings filed by Debtor and Appellee, James Ellett ("Ellett"). Goldberg asserts that the Supreme Court's recent decision in *Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743, 122 S.Ct. 1864, 152 L.Ed.2d 962 (2002) undermines the Ninth Circuit's previous determination that Goldberg was not entitled to a dismissal of these proceedings either on grounds of sovereign immunity pursuant to the Eleventh Amendment of the United States Constitution, or on grounds that the Tax Injunction Act, 28 U.S.C. § 1341, prohibits Ellett's claims. *See Goldberg v. Ellett (In re Ellett)*, 254 F.3d 1135 (9th Cir.2001), *cert. denied*, 534 U.S. 1127, 122 S.Ct. 1064, 151 L.Ed.2d 968 (2002). For the reasons set forth below, the bankruptcy court's decision is affirmed.

## BACKGROUND

Although Ellett owed the FTB approximately $18,000 for California personal income taxes for the years 1980 through 1984, the FTB did not file a proof of claim after Ellett filed for Chapter 13 bankruptcy protection on or about July 11, 1994, despite the fact that Ellett's unpaid taxes were duly scheduled as unsecured obligations[1] and despite notice provided to the FTB of the bankruptcy proceedings.[2] Ellett successfully completed his Chapter 13 plan and a discharge order was entered by the bankruptcy court on April 19, 1997.

In about October of 1997, the FTB initiated collection action against Ellett, alleging that his pre-petition taxes had not been discharged despite the bankruptcy court's aforementioned order. This caused Ellett to reopen his Chapter 13 bankruptcy case and initiate the present adversary proceeding, which seeks to enjoin Goldberg's collection activities on grounds that any liability for the taxes in question was discharged in bankruptcy.

Goldberg immediately moved to dismiss on grounds that California's sovereign immunity made the bankruptcy court's discharge order against the FTB unenforceable. The bankruptcy court's denial of that motion (*Ellett v. Goldberg, (In re Ellett)*, 229 B.R. 202 (Bankr.E.D.Cal.1999)), prompted Goldberg's appeal to the Bankruptcy Appellate Panel, which affirmed. *See Goldberg v. Ellett (In re Ellett)*, 243 B.R. 741 (9th Cir. BAP 1999). A further appeal to the Ninth Circuit was also rejected through issuance of a published opinion.

---

1. State taxes are entitled to priority status, under § 507(a)(8) of the Bankruptcy Code, for taxes owed on a taxable year three years or less prior to the filing of a bankruptcy petition. The taxes at issue here, however, fall well outside that three year window and consequently qualify only as unsecured claims.

2. Although Goldberg now claims that the FTB's notice was flawed, that argument was apparently not presented in earlier proceedings concerning this case and it need not be addressed in the context of the very limited question presently before the Court, as discussed *infra*.

*Goldberg v. Ellett (In re Ellett),* 254 F.3d 1135 (9th Cir.2001). On February 19, 2002, the Supreme Court denied Goldberg's petition for certiorari.

In finding that a state that does not consent to a bankruptcy court's jurisdiction by filing a proof of claim or otherwise participating in a bankruptcy proceeding is nonetheless barred by the bankruptcy court's discharge injunction, the Ninth Circuit relied on the Fifth Circuit's opinion in *Texas v. Walker,* 142 F.3d 813 (5th Cir. 1998), and the Fourth Circuit's decision in *In re Collins,* 173 F.3d 924 (4th Cir.1999), to the effect that a bankruptcy case does not constitute a "suit" against a State for Eleventh Amendment purposes. *Goldberg v. Ellett,* 254 F.3d at 1141. The Ninth Circuit also considered and rejected Goldberg's alternative argument that Ellett's action was barred by the Tax Injunction Act, 28 U.S.C. § 1341. *Id.* at 1147–1150. While the court did agree that a discharge order cannot be *enforced* against non-consenting States in an adversary proceeding where the State or a state agency is a named defendant, it found that a discharge order can be maintained against a state tax official under the *Ex Parte Young* doctrine.[3] *Id.* at 1141.

Goldberg now again moves to dismiss Ellett's action, this time on grounds that the Supreme Court's recent decision in *Federal Maritime Commission v. South Carolina State Ports Authority,* 535 U.S. 743, 122 S.Ct. 1864, 152 L.Ed.2d 962 (2002) ("Federal Maritime") effectively overrules the Ninth Circuit's opinion in *Goldberg v. Ellett.* The bankruptcy court's denial of that renewed motion to dismiss prompted the present appeal.

## STANDARD

The bankruptcy court's conclusions of law are reviewed *de novo* by this Court (*Carrillo v. Su,* 290 F.3d 1140, 1142 (9th Cir.2002)), which has jurisdiction to hear the instant matter pursuant to 28 U.S.C. § 158(a).

## ANALYSIS

The Ninth Circuit has already issued a detailed decision addressing each of the arguments advanced by Goldberg as mandating dismissal of this action. To the extent Goldberg asks this Court to again determine those issues, doing so would generally be improper under the law of the case doctrine.[4] This Court will not deviate from the precepts of that doctrine unless it finds that a recognized exception to the doctrine applies. Such recognized exceptions include circumstances wherein 1) the prior decision is clearly erroneous and its enforcement would work a manifest; 2) intervening controlling authority makes reconsideration appropriate; or 3) substantially different evidence was adduced at a subsequent trial. *Tahoe–Sierra v. Tahoe Regional Planning,* 216 F.3d 764, 787 (9th Cir.2000); *Jeffries v. Wood,* 114 F.3d 1484 (9th Cir.1997). Because the only exception that even arguably applies under the present circumstances is the alleged change in

---

**3.** Under this doctrine, a suit seeking prospective equitable relief against a state official who has engaged in a continuing violation of federal law is not deemed to be a suit against the State for purposes of state sovereign immunity. *See Ex Parte Young,* 209 U.S. 123, 159–160, 28 S.Ct. 441, 52 L.Ed. 714 (1908); *Will v. Mich. Dept. of State Police,* 491 U.S. 58, 71, n. 10, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Here Ellett asserts that Goldberg is violating federal bankruptcy laws in continu-

ing to attempt to collect back taxes, and consequently can be sued pursuant to *Ex Parte Young.*

**4.** Under that doctrine, when an appellate court decides a legal issue, its decision is not open to relitigation in subsequent proceedings in the same case. *United States ex rel. Lujan v. Hughes Aircraft Co.,* 243 F.3d 1181 (9th Cir.2001).

intervening authority, the sole question properly before the Court at this time is whether the Supreme Court's *Federal Maritime* decision squarely overrules the Ninth Circuit's previous decision in *Goldberg v. Ellett* with respect to sovereign immunity.[5]

■ In assessing Goldberg's claim that the Ninth Circuit's ruling should be disregarded in the face of the FMC decision, this Court cannot ignore the fact that it must proceed very cautiously when asked to ignore circuit authority. As we have previously recognized, "a district court should be extremely careful in concluding that circuit precedent is no longer good law." *Rodriguez v. Bowen*, 678 F.Supp. 1456, 1462 (E.D.Cal.1988).

■ Fortunately, the Ninth Circuit has provided specific guidance with respect to when and how its decisions are to be re-evaluated if subsequent Supreme Court authority calls their continuing validity into question. As the court noted in *Tri–State Development Ltd. v. Johnston*, 160 F.3d 528, 532, n. 5 (9th Cir.1998):

> "The rule in this circuit is that when an intervening Supreme Court decision undermines an existing precedent of the Ninth Circuit, and both cases are closely on point, a three judge panel of the court may reexamine our precedent to determine its continuing authority." [6]

Hence the fundamental issue that must be decided is whether the two cases at issue here are so closely on point that the Supreme Court's holding in *Federal Maritime* definitively overrules *Ellett v. Goldberg*.

■ Examination of the two cases shows clearly that *Federal Maritime* is not closely on point with the conclusions reached by the Ninth Circuit in *Goldberg v. Ellett*. In its *Federal Maritime* decision, the Supreme Court held that state sovereign immunity precluded the Federal Maritime Commission ("FMC") from adjudicating, by way of administrative proceeding, a private party's complaint that the state-run port in question had violated the Shipping Act of 1984. The Court rejected FMC's argument that sovereign immunity was not implicated because the proceedings were administrative rather than judicial in nature. It pointed to the fact both forums were adversary in nature, entailed similar discovery and were adjudicated through presentation of evidence at a formal hearing. As the Supreme Court recognized, a hearing before the Commission "walks, talks and squawks very much like a lawsuit," and therefore violates a state's sovereign immunity in just the same way. 535 U.S. at 757, 122 S.Ct. 1864.

The present case does not involve the same considerations. A bankruptcy debtor does not bring a suit or other adversarial proceeding in order to obtain a discharge from the bankruptcy court. Instead, the debtor simply identifies the creditors owed, who are then notified of the pendency of bankruptcy proceedings and can choose whether to file a proof of claim and participate in the bankruptcy case. To the extent a state creditor like the FTB is involved, such creditor is not forced to participate in the bankruptcy proceedings and instead has a choice in doing so. Consequently a bankruptcy discharge, even to the extent it may indirectly impact a state's right to collect funds from the debtor in question, is not

---

**5.** Goldberg's alternative contention that the Tax Injunction Act bars these proceedings has already been addressed and rejected by the Ninth Circuit, and need not be further considered here.

**6.** *See also United States v. Lancellotti*, 761 F.2d 1363, 1366 (9th Cir.1985).

the same as mandatory participation in judicial or administrative proceedings. Issuance of the discharge did not cause the FTB to be "hauled into federal court against its will." *See Texas v. Walker,* 142 F.3d 813, 822 (5th Cir.1998). Instead, unlike a traditional lawsuit, which here would force a state entity to defend itself against an accusation of wrongdoing, "the bankruptcy process is, shortly speaking, an adjudication of interests claimed in a *res.* If the state wishes to assert its interest in the *res,* it may do so." *See Hood v. Tennessee Student Assistance Corp.,* 319 F.3d 755, 768 (6th Cir.2003), citing *Gardner v. State of New Jersey,* 329 U.S. 565, 574, 67 S.Ct. 467, 91 L.Ed. 504 (1947). The bankruptcy court's jurisdiction, then, is over the *res* of the bankruptcy estate; no *in personam* jurisdiction over the estate's creditors is conferred. *In re Collins,* 173 F.3d at 928–931.

All Ellett seeks to do here is to prohibit Goldberg from violating the scope of the bankruptcy discharge by taking collection action against him.[7] The discharge is not a judgment against the FTB, and the assertion, by Ellett, of the discharge defense is not equivalent to seeking affirmative relief. *Texas v. Walker,* 142 F.3d at 820. The Ninth Circuit's decision in *Goldberg v. Ellett* hence rests on a completely different factual scenario, and is not "closely on point" with the Supreme Court's FMC decision so as to be undermined by that decision. To the contrary, this case hinges on the interpretation and application of bankruptcy laws, as outlined both by the Ninth Circuit as well as by the Fourth and Fifth Circuits, in *Texas v. Walker* and *In re Collins, supra.*[8] The Supreme Court, in its *Federal Maritime* decision, does not change that specifically-tailored law.

 Even were the instant matter closely on point with *Federal Maritime,* which this Court finds is not the case, overruling the Ninth Circuit's *Goldberg v. Ellett* decision would appear improper in any event. As indicated above, *Tri–State Development Ltd. v. Johnston* indicates that if an intervening Supreme Court case closely on point with a Ninth Circuit decision undermines the circuit decision, "a three judge panel of the court may reexamine our precedent to determine its continuing authority." 160 F.3d 528, 532, n. 5. Hence the Ninth Circuit, but not this court, has the authority to review one of its decisions, and to assess the continuing vitality of such decision, in the wake of a Supreme Court holding potentially to the contrary. This provides yet another reason why Goldberg's appeal, taken on grounds that the Ninth Circuit's ruling in *Goldberg v. Ellett* has effectively been overruled by the Supreme Court's *Federal Maritime* decision, cannot be granted.

## CONCLUSION

Based on all the foregoing, the decision of the bankruptcy court with respect to Goldberg's motion to dismiss is affirmed.

IT IS SO ORDERED.

---

**7.** It should also be noted that in *Goldberg v. Ellett,* the Ninth Circuit does recognize sovereign immunity in this regard to the extent it holds that the FTB cannot be subjected to direct suit on this adversary claim. 254 F.3d at 1141, *citing In re Mitchell,* 209 F.3d 1111 (9th Cir.2000). Rather, the court holds only that Goldberg, as FTB's Executive Director, can be sued under the *Ex Parte Young* doctrine (*see* note 3, *supra*).

**8.** Significantly, the *Collins* court held that the ability to grant a discharge of debt which is valid against a state is fundamental to the integrity of the bankruptcy system, which would be "seriously undermined" otherwise. *Id.* at 930.